**Richard Carlton ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–181 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 29, 1990.

Gilbert Garcia, Garcia & Garcia, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

## OPINION

BURGESS, Justice.

A jury convicted appellant of aggravated assault. After a plea of "true" to an enhancement allegation, the jury assessed punishment at twenty years' confinement in the Texas Department of Corrections. The jury made an affirmative finding of the use of a deadly weapon in the commission of the offense. Appellant raises three points of error.

There had been a romantic relationship between appellant and the complaining witness between 1986 and 1987. On April 15, 1988, appellant visited the complainant to say farewell before moving to Florida. He professed his love for her and upon being rebuked jumped out of a chair, pulled a gun and handcuffs out of his pants, pointed the gun at her face and asked complainant to lay down on the couch. Rather than comply she jumped up, pushed him in the stomach and ran to the door. He grabbed at her but she broke loose. She testified she heard a "pop" or a shot. She ran to her neighbor's home. A bullet was later found in the couch.

Appellant was charged in separate indictments with aggravated kidnapping and aggravated assault. The state went to trial on the aggravated kidnapping with an amended indictment which charged appellant did "intentionally and knowingly abduct [complainant] by restraining her, to prevent her liberation, by using and threatening to use deadly force and with the intent to violate and abuse her sexually. The indictment also alleged he used a firearm during the commission of the offense. Appellant made a motion to elect between the aggravated kidnapping and aggravated assault charges. The motion was refused by the court with the comment that the state was required to proceed only on the aggravated kidnapping case and the defense would be required to make proper motions at a subsequent time with regard to the aggravated assault charge.

At the close of the state's case appellant moved for instructed verdict because there was no evidence appellant intended to violate or abuse the victim sexually. The trial court granted the motion after close of all evidence, then charged the jury on aggravated assault as a lesser included offense.

Point of error one is the trial court erred when it charged the jury on aggravated assault. TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981) provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

The elements of aggravated kidnapping, as charged in the indictment, are the defendant intentionally or knowingly abducts another person with the intent to violate or abuse her sexually TEX.PENAL CODE ANN. sec. 20.04 (Vernon 1989). As applied in this case "abducts" means to restrain a person with intent to prevent liberation by using or threatening to use deadly force. TEX.PENAL CODE ANN. sec. 20.01 (Vernon 1989). The trial court instructed a verdict on aggravated kidnapping because there was no evidence of intent to violate or abuse sexually. The elements of aggravated assault, as charged to the jury, are the defendant intentionally or knowingly threatens another with imminent bodily injury and uses a deadly weapon.

■ The state argues proof of the assault is by the same or less than all of the facts as aggravated kidnapping, that is threatening the victim with a gun pointed at her head, such as to satisfy the Article 37.09(1) requirement for a lesser included offense. Once the jurisdiction of the court is properly invoked to try the offense charged in the indictment, it is authorized to proceed to judgment upon any lesser included offense determined from the offense charged and the facts of the case. *Cunningham v. State*, 726 S.W.2d 151 (Tex.Crim.App.1987). Whether one offense is a lesser included offense of another is an issue that must be determined on a case by case basis, both because Article 37.09 defines lesser included offenses in terms of the offense charged and in terms of the facts of the case. *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App.1976) (opinion on rehearing). Here, the restraint with intent to prevent liberation was proved by the same *facts* as the threat to another with imminent bodily injury; that is, pointing a gun at the victim's head. The aggravated assault is established by proof of the same or less than all of the facts of the aggravated kidnapping charged.

■ Appellant stresses that defense counsel was assured appellant was being tried for kidnapping rather than assault by the fact that there was a pending indictment for aggravated assault arising out of the same transaction. However, the case was submitted as a lesser included offense of aggravated kidnapping and not as an independent count of aggravated assault. As an included offense it does not deprive appellant of notice although the state did not proceed to trial on the existing assault charge. *See Luera v. State*, 658 S.W.2d 566 (Tex.Crim.App.1981). Point of error one is overruled.

Point of error two avers the trial court erred in admitting into evidence, over appellant's objection, a letter from appellant to the complainant. Appellant's specific complaint is the letter was immaterial, irrelevant, and highly prejudicial.

The letter claimed appellant had knowledge of bigamy and tax evasion committed by the complainant, claimed this alleged conduct would result in the complainant's incarceration should it come to the attention of the authorities, discussed the sordid nature of prison life, threatened the complainant with exposure if she did not get the district attorney to drop the charges against him, and told complainant not to show anyone the letter. The letter stated appellant had given instructions to his attorney to collect evidence that the com-

plainant had committed bigamy and to present it to the district attorney.

■ Attempts by the defendant to suppress testimony of a witness is generally admissible as conduct showing consciousness of guilt tending to prove commission of the act charged. *Rodriguez v. State,* 577 S.W.2d 491 (Tex.Crim.App.1979); *Antwine v. State,* 572 S.W.2d 541 (Tex.Crim. App.1978).

■ Appellant claims the letter is inadmissible because its contents infer that defense counsel was a conspirator to obstruct justice or somehow commit some other felony, in essence depriving appellant of the right to counsel, and there were inferences of extraneous offenses or vulgar allegations unconnected to the offense charged. Appellant claims he was forced to waive the right to attorney-client confidential communications as the only way he could refute the statements in the letter that appellant's attorney was investigating the complainant's past. The letter is not a confidential communication between appellant and his attorney inadmissible under TEX.R.CRIM.EVID. 503, nor does it imply the attorney participated in any criminal activity. The letter itself is an attempt to suppress the testimony of a witness, but it contains no indication the attorney is participating in or has knowledge of the communication. The probative value of appellant's suppression of evidence outweighs whatever prejudice is inferred from statements that the defense attorney is investigating the complainant's background, would take that information to the district attorney, and would follow his client's directives. TEX.R.CRIM.EVID. 403. The vulgar allegations appellant complains of are expressions of the threat to the complainant and thus have probative value. TEX.R.CRIM.EVID. 403. We find no error. Point of error two is overruled.

■ Point of error three posits the trial court erred in failing to grant defense counsel's motion to withdraw. After the trial court admitted the letter described under point of error two, defense counsel moved to withdraw from the case on the ground that he had become a material witness. The trial court asked appellant if he would join in the motion to have the attorney withdraw from the case. He refused. Appellant waived the attorney-client confidential communications privilege and directed his attorney to testify on his behalf. Defense counsel testified that he had no knowledge of the letter or the matters described therein and never discussed them with appellant.

It is generally within the discretion of the trial court whether or not trial counsel should be allowed to withdraw from a case. *Brewer v. State,* 649 S.W.2d 628 (Tex.Crim. App.1983). Unlike *Brewer,* where the defendants were denied effective assistance of counsel because counsel's tape recorded comments were so damaging to counsel's and the defendants' characters as to make effective representation impossible because counsel had become a de facto defendant, there is no indication that defense counsel in any way participated in or knew of the intimidation of the witness.

The letter was properly admitted into evidence. The attorney's testimony arguably lessened the impact of the statements in the letter, not because the letter impugned counsel's character, but because it might lessen the impact of the letter in the jury's eyes if appellant made only empty threats and did not attempt to carry them out. Thus, it was not ineffective assistance of counsel for counsel to testify. Since counsel was not rendered ineffective, it was not an abuse of discretion to deny defense counsel's motion to withdraw, especially where the client wished him to remain as counsel. Point of error three is overruled and the judgment affirmed.

AFFIRMED.