James Herbert GOTTLICH, Appellant,

v.

The STATE of Texas, State.

No. 2–91–003–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 8, 1992.

Rehearing Overruled Feb. 11, 1992.

Discretionary Review Refused
April 22, 1992.

Earl R. Waddell III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Edward L. Wilkinson, Charles Brandenberg, Malena Calderon, Asst. Dist. Attys., Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

James Herbert Gottlich appeals his conviction of indecency with a child complaining in four points of error that: (1) the trial court erred in admitting hearsay testimony in violation of article 38.072 of the Texas Code of Criminal Procedure; (2) a conflict of interest known to the State before trial denied Gottlich his right to effective assistance of counsel under the sixth amendment to the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure; (3) the trial court erred in submitting a charge to the jury which allowed a conviction of a lesser included offense upon proof not necessary to establish the greater offense, and because the lesser offense charged was identical to Count Two of the indictment which had been abandoned by the State in an election; and (4) the evidence is insufficient to support the conviction because the evidence

failed to show beyond a reasonable doubt that Gottlich committed the offense of indecency with a child. We overrule all points and affirm.

In his first point, Gottlich contends that the court erred in admitting statements from the outcry witness that were not in the State's summary of the testimony, and that the statements were not covered by the exception in article 38.072, section 2(a) providing that the admissible statements describe only the alleged offense. *See* Tex. Code Crim.Proc.Ann. art. 38.072 § 2(a) (Vernon Supp.1991).

The State provided Gottlich a Notice of Outcry that it filed with the court on May 4, 1989. The summary provided in the notice stated: "the victim told Peggy Swallow Stockton, an individual over eighteen years of age, that the Defendant, James Herbert Gottlich, 'had been playing with her down there with his hand.'" During the article 38.072 hearing outside the jury, the State presented the following testimony: (1) that the complainant had told Peggy that she did not wish to go swimming at Gottlich's house on the day that the complainant told of the sexual abuse; and (2) that the complainant started crying and told Peggy that Gottlich "played with her and that he would wake her up in the middle of the night and she would tell him no and to leave her alone." Counsel for Gottlich objected to this testimony at the hearing as being hearsay not contained in the summary provided by the State and was overruled. Counsel then asked the court for a running objection to that testimony so as to prevent objection before the jury, and the court granted the request.

On direct examination before the jury, Peggy testified that: (1) the complainant did not wish to go swimming at Gottlich's house; (2) the complainant was crying and scared; (3) Gottlich had requested the complainant go swimming at his house to which she replied, "no, I don't want to go. I want to stay with my sister."; and (4) the complainant had told her that the events had taken place for two months.

■ No Texas cases speak to the sufficiency of the summary of the testimony of an outcry witness with regard to hearsay statements not contained in the summary. The hearsay statements admitted in this case, which were not specifically in the summary, spoke to the circumstances leading up to the outcry statement of the complainant, that is, that the complainant stated that she did not want to go swimming at Gottlich's house. In addition, a hearsay statement was admitted describing the length of time that Gottlich had been abusing the complainant. We hold that there was no error in the admission of these statements due to their nature in describing the circumstances leading up to the outcry statement and its details.

■ Furthermore, all that is required is that the defendant receive adequate notice of the content and scope of the outcry testimony. *See Norris v. State,* 788 S.W.2d 65, 68 (Tex.App.—Dallas 1990, pet. ref'd); *Fetterolf v. State,* 782 S.W.2d 927, 930 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). The purpose of article 38.072 is to prevent any surprise from the introduction of the outcry testimony. *Brown v. State,* 756 S.W.2d 793, 797 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Gottlich received the summary of the testimony as well as an opportunity to access the prosecutor's file, which in fact, he exercised months before trial. The trial court conducted a hearing on the outcry testimony during which Gottlich would have been able to cross-examine Peggy, but did not do so. Moreover, Gottlich obtained a copy of the complainant's videotaped statement, a copy of the State's witness list, and an audio recording of Gottlich's parole revocation hearing at which the complainant testified regarding her abuse by Gottlich. In fact, Gottlich had an opportunity to cross-examine both the complainant and Peggy prior to their testimony at trial, and did cross-examine the complainant about her outcry statement at Gottlich's probation revocation hearing some three years before trial. Furthermore, the complainant testified at trial. Therefore, we hold that Gottlich had adequate notice of the actual content of the outcry statement and could not

have suffered any surprise or harm from the outcry testimony. We overrule the first point.

In his second point, Gottlich contends that because Gottlich wrote a letter to the district attorney that implicated his trial attorney in an insurance fraud, a conflict of interest arose which denied him effective assistance of counsel. Over a year before trial, Gottlich wrote and mailed a letter to the Tarrant County District Attorney's office in which he stated that his trial attorney was an accomplice to a felony insurance fraud, and that he would testify against his attorney in exchange for leniency in the current charges against him. A motion for new trial was heard based upon this alleged newly discovered evidence and was denied.

■ This point raises for the first time in Texas whether a conflict exists under these circumstances. However, any motion made after trial has ended, complaining of a conflict of interest between a client and his attorney, is untimely. *Lerma v. State,* 679 S.W.2d 488, 497 (Tex.Crim.App. [Panel Op.] 1982); *Deloro v. State,* 712 S.W.2d 805, 809 (Tex.App.—Houston [14th Dist.] 1986, no pet.). We find that because Gottlich did not raise the issue of a conflict of interest until his motion for new trial, he waived this point. We note, however, that even if Gottlich had timely objected, there was no conflict.

Mere assertion of a conflict is not enough; a defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Ex Parte Acosta,* 672 S.W.2d 470, 474 (Tex. Crim.App.1984), *quoting Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Dillon v. State,* 747 S.W.2d 387, 389 (Tex.App.—Dallas 1987, pet. ref'd). Gottlich never demonstrated any actual conflict that adversely affected his lawyer's performance.

At the hearing on the motion for new trial, Gottlich testified that he did write the letter to the district attorney's office, along with other letters implicating other people. Gottlich admitted that he wrote all of the

letters in order to get probation for the offense with which he was currently charged because he knew that he had a prior conviction for aggravated sexual assault of a child.

Gottlich also attempted to show that his attorney was not aware of the letter implicating him in a felony until the day of trial; however, his trial attorney testified that he had looked at the file at the district attorney's office numerous times before trial, and had been aware of the letter probably a couple of months before trial. In addition, Gottlich's trial attorney testified that he had questioned Gottlich about the letter and Gottlich apologized saying that he had been "mad at everybody when [he] wrote [the letter]." Gottlich's trial attorney stated that he was not surprised by the letter and he had not thought much about it "because people in jail say anything about anybody." Gottlich's trial attorney also testified that Gottlich had not complained and had in fact told him that he wished him to remain on the case. Thus, we would overrule point two because Gottlich acquiesced in his representation by his trial attorney.

In his third point of error, Gottlich complains that the trial court erred in submitting a charge on the lesser included offense of indecency with a child because: (1) the jury was able to convict him of the lesser included offense upon proof not necessary for the greater offense, aggravated sexual assault of a child; (2) the State abandoned the lesser included offense, which was originally count two of the indictment; (3) and as a consequence, he was deprived of notice of the charges against him.

First, Gottlich argues under point three that the proof necessary to convict of the greater offense required evidence that Gottlich "cause[d] the penetration of the female sexual organ" of the complainant "by placing his finger in the vagina" of the complainant, implying that Gottlich had touched the complainant's vagina with his finger. However, Gottlich maintains the charge defined sexual contact for purposes of indecency with a child as "any touching of any part of the genitals of another per-

son" and case law defines genitals as including "the vulva which immediately surrounds the vagina." *See Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim.App.1977). Thus, the jury could convict on proof that Gottlich merely touched the complainant's vulva with his finger, and there was no evidence that touching the vulva is necessary for insertion of a finger into the vagina. Gottlich maintains that the gist of this action on the part of the trial court is a violation of the two-part test required for determining whether to submit a lesser included offense charge: (1) that the lesser included offense be included in the proof necessary to establish the offense charged; and (2) some evidence that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981).

■ The *Royster* test is not applicable in the present case because the State requested the charge on the lesser included offense. *See Doss v. State,* 636 S.W.2d 564, 565–66 (Tex.App.—Waco 1982, pet. ref'd); *see also Angel v. State,* 694 S.W.2d 164, 169 (Tex.App.—Houston [14th Dist.] 1985), *aff'd,* 740 S.W.2d 727 (Tex.Crim.App.1987). The *Royster* test applies only in situations where the defendant has requested the charge on the lesser included offense. *Id.*

■ Whether indecency with a child is a lesser included offense of aggravated sexual assault of a child is to be determined on a case-by-case basis. *See Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App. 1987). The focus is " 'whether the State's case as presented to prove the offense charged included proof of [a lesser included offense],' not 'whether the primary offense is capable of proof on some theory that would not show [a lesser included offense].' " *Id.* at 154, *quoting Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Crim.App. 1978). In *Cunningham,* the court held that although intent to arouse or gratify one's sexual desire is an element of indecency of a child, which was not alleged in the indictment for aggravated sexual assault since it is not an element of that offense, indecency of a child could still be a lesser included offense of aggravated sexu-

al assault of a child. *Cunningham*, 726 S.W.2d at 154. The court reasoned that the proof adduced by the State presented ample evidence from which a rational factfinder could infer that Cunningham's conduct included an intent to arouse or gratify his sexual desire. *Id.*

■ Likewise, in the instant case, the State presented ample evidence from which a rational factfinder could infer that Gottlich had indeed touched the child's genitals. The complainant testified that Gottlich had on several occasions "washed my private and all that" when the complainant took baths at Gottlich's house. The complainant also testified that Gottlich "played with me in my private." Moreover, the complainant testified that Gottlich "would just put [his finger] inside my private." The complainant explained that her private was her "pee pee." On cross-examination, the complainant testified that Gottlich's whole hand or finger did not go way up inside her, but she did not retract any of her former testimony concerning how Gottlich had touched her. We hold that this testimony is sufficient to show that Gottlich touched the complainant's genitals, and thus, the charge on indecency with a child was proper. *See Tyra v. State*, 534 S.W.2d 695, 697 (Tex.Crim.App. 1976), *overruled on other grounds, Cooper v. State*, 631 S.W.2d 508 (Tex.Crim. App.1982) (testimony that accused put his hands "between my legs" sufficient to support indictment alleging accused touched vagina); *Thomas v. State*, 399 S.W.2d 555, 556 (Tex.Crim.App.1966) (testimony that accused touched complainant's "private" sufficient to sustain allegation that accused touched child's vulva).

■ Secondly under point three, Gottlich contends that the trial court erred in charging the lesser offense because the State had elected to go under Count One of the indictment and had abandoned Count Two, indecency with a child. Gottlich cites no relevant authority to support this proposition, and in any event, we find this point without merit because Gottlich had actual notice of the lesser included offense by virtue of the fact he was charged with the greater offense. Once the jurisdiction of the court is properly invoked to try the greater offense charged, the court may proceed to judgment on any lesser included offense of the greater offense. *Williams v. State*, 605 S.W.2d 596, 600 (Tex.Crim. App. [Panel Op.] 1980), *overruled on other grounds, Woodfox v. State*, 742 S.W.2d 408 (Tex.Crim.App.1987); *Roberts v. State*, 795 S.W.2d 842, 844 (Tex.App.—Beaumont 1990, no pet.). The fact that the lesser included offense may have been pled in the indictment does not prevent that lesser included offense from being submitted as a lesser included offense rather than a principal offense. *See Luera v. State*, 658 S.W.2d 566, 567 (Tex.Crim.App. [Panel Op.] 1981); *see also Roberts*, 795 S.W.2d at 844–45 (defendant's conviction of lesser included offense sustained when lesser included offense had been charged in separate indictment and State elected to go under greater offense and submit charge in separate indictment as lesser included offense). Thus, the court was not in error for proceeding to judgment on the charge of the lesser included offense because although the State had abandoned Count Two as a principal offense, so long as there was evidence presented of indecency with a child, the State was entitled to have the charge submitted to the jury. *See Roberts*, 795 S.W.2d at 844–45. Moreover, by going to trial on the greater offense, the State was entitled to charge the lesser offense if the evidence presented showed the lesser offense.

■ Lastly under point three, Gottlich complains that due to the above errors, he was deprived of notice. We find this contention without merit. Gottlich had notice of the lesser included offense of indecency with a child by virtue of the fact that he was charged with the greater offense of aggravated sexual assault of a child. *See Williams*, 605 S.W.2d at 600; *see also Luera*, 658 S.W.2d at 567.

■ Furthermore, Gottlich complains that he had no notice that touching the complainant's vulva would be proof of the offense, and because the greater offense charged penetration of the vagina, the trial court should have limited its defi-

nition of "sexual contact" in the indecency with a child charge to a "touching of complainant's vagina." We address this point not as a notice problem, but as a sufficiency of the charge issue. As such, we find Gottlich's contention without merit.

The charge in this case tracked the language of the indecency with a child statute, and therefore was proper. *See* Tex.Penal Code Ann. §§ 21.01(2) & 21.11(a)(1) (Vernon 1989); *Peake v. State,* 755 S.W.2d 541, 544 (Tex.App.—Houston [1st Dist.] 1988), *rev'd on other grounds,* 792 S.W.2d 456 (Tex. Crim.App.1990). The *Peake* court sustained the denial of a motion to quash an indictment when the defendant complained that he had no notice about which part of the body he was accused of touching. *Peake,* 755 S.W.2d at 544. Peake argued that the indictment, just as the charge in Gottlich's case, alleged that Peake had "sexual contact by touching the genitals" and because the genitals includes the vagina and the surrounding vulva, he had no notice to prepare his defense. *Id.* The court disagreed and held that when an indictment tracks the language of the statute, an accused has sufficient notice. *Id.* Likewise, we hold that because the count in the charge to the jury tracked the statute, the language in the charge was proper.

We overrule Gottlich's third point of error.

In his fourth point of error, Gottlich complains that the evidence is insufficient to show that Gottlich committed the offense of indecency with a child. Specifically, Gottlich makes five arguments: (1) the State failed to prove venue; (2) the State failed to prove that the date of the offense was the date in the indictment; (3) the complainant failed to identify Gottlich as the man who committed the offense; (4) the State failed to prove that Gottlich engaged in sexual contact with the complainant; and (5) the State failed to prove that Gottlich intended to arouse or gratify the sexual desire of any person.

The appropriate standard of review for sufficiency of the evidence is if after viewing all of the evidence in the light most favorable to the verdict, whether any ra-

tional trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Freeman v. State,* 654 S.W.2d 450, 454 (Tex.Crim.App.1983).

■ As to Gottlich's first argument concerning venue, Peggy, the outcry witness, testified that Gottlich's home was located in River Oaks, Tarrant County, Texas. The complainant's mother also testified that Gottlich lived in River Oaks and that his home was located in River Oaks. The complainant testified that Gottlich had "washed ... [her] private and all that" in the bathroom of Gottlich's home. The complainant also testified that Gottlich placed his finger inside her "private" while they were watching television in the living room of Gottlich's home. Thus, the evidence was sufficient for a rational trier of fact to find that the offense occurred in Tarrant County.

■ As to Gottlich's second contention under point four, the State, when proving the date of the offense, is not bound by the date alleged in the indictment as long as the date proved is before the date the State filed its pleadings, and is not so remote as to be barred by the statute of limitations. *McManners v. State,* 592 S.W.2d 622, 623 (Tex.Crim.App. [Panel Op.] 1980); *Gray v. State,* 726 S.W.2d 640, 643 (Tex.App.—Fort Worth 1987, no pet.). The statute of limitations for aggravated sexual assault of a child is five years, while the statute of limitations for indecency of a child is ten years. Tex.Code Crim.Proc.Ann. arts. 12.-01(2)(D) & 12.01(4)(C) (Vernon Supp.1991).

■ The complainant testified that Gottlich had assaulted her during the summer of 1987 while she stayed at his house. The outcry witness, Peggy, and the complainant's mother both testified that the complainant first told them about Gottlich's actions on August 11, 1987. Gottlich was indicted on September 30, 1987. Therefore, the State's evidence was sufficient to prove that the offense was prior to the filing of the indictment but still within the statute of limitations.

Concerning Gottlich's third argument under point four, identification, the complainant identified Gottlich in court. The complainant also testified that she spent the night "[i]n Jim's bedroom" on some of the nights which she stayed at his house. The complainant identified Gottlich on other occasions as "Jim" while she testified, along with responding to questions asked about "Jim" or the "defendant." Therefore, we hold that the evidence was sufficient to establish Gottlich's identity as the man who assaulted the complainant.

As his fourth argument, Gottlich contends that the evidence was insufficient to prove that he had engaged in sexual contact with the complainant because the language used by the complainant in her testimony was not sophisticated enough for a 13 year-old. We disagree. The courts liberally construe the testimony given by child victims of sexual abuse as not being as clear as that which may be given by an adult. *See, e.g., Villalon v. State,* 791 S.W.2d 130, 134 (Tex.Crim.App.1990) (cannot expect child victims of crime to communicate with ability and clarity of mature adult); *Guia v. State,* 723 S.W.2d 763, 765 (Tex.App.—Dallas 1986, pet. ref'd) (touching where one "uses the restroom" sufficient for sexual contact); *Bryant v. State,* 685 S.W.2d 472, 475 (Tex.App.—Fort Worth 1985, pet. ref'd) (being touched "between the legs" sufficient for sexual contact); *Tyra,* 534 S.W.2d at 697 (touched "between the legs" sufficient to sustain conviction). As long as the child communicates to the trier of fact that the touching occurred on a part of the body within the definition of the statute, the evidence will be sufficient. *Clark,* 558 S.W.2d at 889; *Kirk v. State,* 653 S.W.2d 647, 650 (Tex.App.—Fort Worth 1983, no pet.). The complainant in this case testified as to the area of her body touched by using the words "my private," "my pee pee" and "down there" as well as stating that Gottlich had placed "his hand down my pants and panties." Therefore, we hold that the evidence was sufficient to show that the touching occurred in a place within the ambit of the statute.

Lastly under point four, Gottlich complains that the evidence was insufficient to show that he intended to arouse or gratify the sexual desire of any person. We disagree with Gottlich's interpretation of *Cunningham* and hold that the list of circumstances set forth in *Cunningham* implying the element of arousing or gratifying the sexual desire of any person is not an exclusive list. The *Cunningham* court held that this element of indecency of a child could be implied from the evidence put on by the State. *Cunningham,* 726 S.W.2d at 154. We hold that the testimony given by the complainant that Gottlich placed his hand down her panties and played with her private, as well as the fact that Gottlich insisted on bathing the complainant against her wishes, was sufficient for a rational trier of fact to infer the element of intent to arouse or gratify sexual desire. This is reasonable especially in light of the fact that Gottlich became angry and refused to speak to the complainant and attempted to pull her back into his lap when she refused to comply with his wishes.

We overrule the fourth point and affirm the judgment of the trial court.