IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00302-CR

 

Thomas Earl Nelson,

                                                                      Appellant

 

v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court # 29081-85

 



MEMORANDUM 
Opinion



 








        This appeal concerns a conviction for aggravated
sexual assault of a child.  We will
affirm.

      In
two issues, Appellant contends that the evidence that he penetrated the
victim’s female sexual organ was insufficient.

      The
Texas Penal Code makes it an offense for a person intentionally or knowingly to
“cause[] the penetration of the . . . female sexual organ of a child
by any means.”  Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (Vernon 2003).  The indictment alleged that Appellant
“intentionally and knowingly cause[d] the penetration of the female sexual
organ of [the victim], a child younger than 14 years of age . . . by
inserting his penis.”  The charge
instructed the jury in the same terms.

      On
direct examination, the victim testified that when she was ten years old,
Appellant picked her up, put her on the bed, lay on top of her, pulled her
underwear down, and put his penis inside of her.  On cross-examination, she acknowledged that
she had previously stated that Appellant’s penis went inside her “private.”

      Appellant
testified that he did not assault the victim.

      “Private”
signifies the female sexual organ.  See Murphy v. State, 4 S.W.3d 926,
927-29 (Tex. App.—Waco 1999, pet. ref’d).[1]

1.    In
Appellant’s first issue, he contends that the evidence was legally
insufficient.  We will overrule Appellant’s
issue.

      A “legal sufficiency of the evidence review does not involve any
weighing of favorable and non-favorable evidence.”  Margraves v. State, 34 S.W.3d 912, 917
(Tex. Crim. App. 2000) (citing Cardenas
v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)).  Instead, a legal-sufficiency review calls upon
the reviewing court to view the relevant evidence in the light most favorable
to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Id.  See
also Jackson v. Virginia, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979) (emphasis in original); Mason v. State, 905 S.W.2d 570, 574
(Tex. Crim. App. 1995).

      Viewing
this evidence in the light most favorable to the verdict, a rational jury could
have found beyond a reasonable doubt that Appellant penetrated the victim’s
female sexual organ.  Accordingly, we overrule
Appellant’s first issue.

2.    In
Appellant’s second issue, he contends that the evidence was factually
insufficient.  Appellant argues that “the
state’s proof of an essential element or ‘vital fact’ (female sexual organ) is
simply too weak to withstand a factual sufficiency inquiry” (citing Goodman
v. State, 66 S.W.3d 283 (Tex. Crim. App. 2001)).  We will overrule Appellant’s issue.

In reviewing a challenge to the
factual sufficiency of the evidence, we begin with the assumption that the
evidence is legally sufficient.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We must view all the evidence without the
prism of the Ain the light most favorable to the prosecution@
construct.  See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

There
is only one question to be answered in a factual-sufficiency review: Considering
all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can “preponderate” in favor of conviction
but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga
v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (footnote omitted).

We must also remain cognizant of the
factfinder=s
role and unique positionCone that the reviewing court is unable to
occupy.  Johnson v. State, 23
S.W.3d 1, 9 (Tex. Crim. App. 2000).  The jury determines the credibility of the
witnesses and may Abelieve all, some, or none of the testimony.@  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).  It is the jury
that accepts or rejects reasonably equal competing theories of a case.  Goodman, 66 S.W.3d at 287.  A decision is not factually insufficient as to
the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State.  Cain
v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).

Viewing
the evidence in a neutral light, and giving deference to the jury’s credibility
determinations, the evidence is not too weak to support the finding of guilt
beyond a reasonable doubt.  Accordingly, we overrule Appellant’s second
issue.

      Having
overruled both of Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed June 16, 2004

Affirmed

Do
not publish

[CRPM]











[1]    See also, e.g., Perez v. State, No. 01-99-00911-CR, 2003 Tex. App. LEXIS 3155,
at *3-*4 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, pet. ref’d); Bottenfield v. State, 77 S.W.3d 349, 353 (Tex. App.—Fort Worth
2002, pet. ref’d), cert. denied, 539
U.S. 916, 123 S. Ct. 2275, 156 L. Ed. 2d 133 (2003); Robison v. State, 35 S.W.3d 257, 262 (Tex. App.—Texarkana 2000,
pet. ref’d); Beheler v. State, 3
S.W.3d 182, 187 (Tex. App.—Fort Worth 1999, pet. ref’d); Gottlich v. State, 822 S.W.2d 734, 741 (Tex. App.—Fort Worth 1992,
pet. ref’d).