COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-527-CR

 

 

FREDDIE LEE BAUTISTA                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                              OPINION

 

                                              ------------








Appellant Freddie Lee
Bautista appeals his conviction for indecency with a child.  After finding Appellant guilty, the jury
assessed his punishment at four years= confinement, and the trial court sentenced Appellant accordingly.  In two issues, Appellant argues that the
trial court abused its discretion in allowing an outcry witness to testify when
a summary of that witness= statement
had not been provided to Appellant pursuant to code of criminal procedure
article 38.072 and in allowing hearsay testimony from a registered nurse
concerning statements made by the victim in the course of the nurse=s physical examination.  We
affirm. 

FACTUAL BACKGROUND

Randall Hammond, the father
of the five-year-old complainant, testified that he and his wife, Amanda
Hammond, were separated and living apart at the time of the incident.  Appellant began staying with Amanda shortly after
Randall and Amanda separated.  The
complainant, who lived with Amanda and her two siblings, was not enrolled in
school at that time.  Randall testified
that Appellant, Amanda=s cousin,
babysat the children while he and Amanda were working. 

In March 2003, when the
complainant was visiting Randall, he noticed that she was scratching her
private area.  Randall took her to the
emergency room where she was examined. 
The exact date of the incident is unclear, but the record indicates that
it occurred sometime around the complainant=s birthday on March 9, 2003.








On March 27, 2003,
Investigator Charles Parker testified that he was contacted regarding this case
and commenced an investigation in which Appellant was a suspect.  On April 2, 2003, the investigator questioned
Appellant, but Appellant denied any wrongdoing and did not give a written
statement.  On June 4, 2003, Investigator
Parker questioned Appellant again, and Appellant signed a written statement.  In his statement, Appellant admitted to
putting his hand on the complainant=s Avagina@ and that he told the complainant not to tell anyone because he would
go to jail. 

Sue Scibek, a registered
nurse, examined the complainant on March 28, 2003.  Over Appellant=s hearsay objection, the trial court allowed Nurse Scibek to testify
that the complainant told her that the babysitter, whose name was Freddie, had
touched her inside of her clothes with his hand while her mother was at work,
and that it had happened more than one time. 

Patricia Remington, a
forensic interviewer at the Young County Advocacy Center testified that she had
conducted a forensic interview of the complainant on March 28, 2003.  During the interview, the complainant
informed Remington that Appellant had touched her Atee-tee,@ referring
to her vaginal area. 

The complainant testified
that Appellant would babysit her while her mother was working.  She testified that on one occasion, Appellant
put his hand inside her clothes and touched her private area.  She testified that Appellant told her not to
tell anyone. 

VICTIM=S OUTCRY STATEMENT








In his first issue, Appellant
complains that the trial court abused its discretion in allowing an outcry witness
to testify when a summary of that witness= statement had not been provided to him pursuant to code of criminal
procedure article 38.072, section 2(b). 

A court=s decision that the outcry statement is reliable and admissible under
article 38.072 will not be disturbed absent a clear abuse of discretion. Garcia
v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g). 

Code of criminal procedure
article 38.072, section 2(b) requires that the defendant receive adequate
notice of the content of the outcry statement through a written statement of
the summary prior to trial.  Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon  2005); Gottlich v. State,
822 S.W.2d 734, 737 (Tex. App.CFort Worth 1992, pet. ref=d); Norris v. State, 788 S.W.2d 65, 68 (Tex. App.CDallas 1990, pet. ref=d).  The purpose of article
38.072, section 2(b) is to prevent any unfair surprise from the introduction of
the outcry testimony.  Gottlich,
822 S.W.2d at 737.  However, all that is
required is that the defendant receive adequate notice of the content and scope
of the outcry testimony.  See Gottlich,
822 S.W.2d at 737.








The State filed a ANotice of Intent to Use Child Abuse Victim=s Hearsay Statement@ on February 5, 2004, and the notice indicates that it was mailed to
Appellant=s attorney
of record on the same date.  Therein, the
State gave notice of its intent to offer the statement through Trish Remington
and stated, AA summary of
the statement is as follows:  See
attachment >State=s Exhibit A.=@  Appellant complains that the
State did not provide such notice, because State=s Exhibit A is not attached to the ANotice of Intent to Use Child Abuse Victim=s Hearsay Statement@ that is included in the clerk=s record on appeal. The State argues that the mere fact that the clerk=s record does not contain the written summary of the statement does
not mean that the State did not proffer a written summary to the defense. 








This court requested that the
trial court supplement the clerk=s record on appeal, and the trial court supplemented the record by
providing us with Exhibit A that was attached to the State=s ANotice of
Intent to Use Child Abuse Victim=s Hearsay Statement,@ which is in fact a summary of the intended, and actual,
testimony.  Additionally, during the
cross-examination of Remington, Appellant=s attorney stated, AI=ve been
provided a copy of a summary of things that you=ve given to the district attorney=s office.@  Appellant=s attorney then handed Remington a copy of the summary and then asked
her, AAnd if I told you that was a copy of what the district attorney=s office represented to me as a summary of your testimony, you don=t have any reason to disagree with that, do you?@  Therefore, the record does
reflect that the State did, in fact, provide the defense with the written
summary of the statements made to an outcry witness.  We hold that the trial court did not abuse
its discretion in allowing the victim=s outcry statements. 
Accordingly, we overrule Appellant=s first issue.

HEARSAY STATEMENT 

Appellant argues that the
trial court abused its discretion in allowing Nurse Scibek to testify under
rule of evidence 803(4) regarding statements made by the complainant during a
physical exam because she is a nurse practitioner, rather than a
physician.  Over Appellant=s hearsay objection, Nurse Scibek testified that the complainant told
her that the babysitter had touched the inside of her clothes with his hand
while her mother was at work and that it had happened more than one time.  It is not the substance of the testimony that
Appellant complains about, but rather the fact that the recipient of the
statements in issue was a non‑physician.

We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Rankin, 974 S.W.2d at
718; Montgomery, 810 S.W.2d at 391. 
If the court=s decision
falls outside the Azone of
reasonable disagreement,@ it has
abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.








Rule 803(4) provides an
exception to the hearsay rule for A[s]tatements made for purposes of medical diagnosis or treatment and
describing medical history, or past or present symptoms, pain, or sensations,
or the inception or general character of the cause or external source thereof
insofar as reasonably pertinent to diagnosis or treatment.@  Tex. R. Evid. 803(4). 
This exception is based on the assumption that the patient understands
the importance of being truthful with the medical personnel involved to receive
an accurate diagnosis and treatment.  Beheler
v. State, 3 S.W.3d 182, 188 (Tex. App.CFort Worth 1999, pet. ref=d). 








Appellant directs our
attention to Gregory v. State and urges this court to adopt the position
of the dissent, which complained that because a nurse is prohibited by law from
making a diagnosis and treating the child, the nurse=s testimony is inadmissible hearsay. 
56 S.W.3d 164, 182-85 (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d) (Wittig, J., dissenting), cert. denied, 538 U.S. 978
(2003).  However, Texas courts have
allowed non-physicians to testify under the medical diagnosis and treatment
exception to hearsay.  See, e.g., Horner
v. State, 129 S.W.3d 210, 219 (Tex. App.CCorpus Christi 2004, pet. ref=d), cert. denied, 125 S. Ct. 2905 (2005) (allowing social
worker to testify under rule 803(4)); Gregory, 56 S.W.3d at 183-85
(allowing nurse to testify under rule 803(4)); Puderbaugh v. State, 31
S.W.3d 683, 685 (Tex. App.CBeaumont 2000, pet. ref=d) (allowing clinical social worker to testify under rule 803(4)); Gohring
v. State, 967 S.W.2d 459, 461 (Tex. App.CBeaumont 1998, no pet.) (allowing play therapist, under supervision of
licensed psychologist, to testify child was abused by her father); Moyer v.
State, 948 S.W.2d 525, 527‑28 (Tex. App.CFort Worth 1997, pet. ref=d) (concluding statements made by patient to paramedic were
admissible); Torres v. State, 807 S.W.2d 884, 886‑87 (Tex. App.CCorpus Christi 1991, pet ref=d) (holding emergency room nurse could testify as to victim=s statement even though nurse was also collecting evidence); Macias
v. State, 776 S.W.2d 255, 259 (Tex. App.CSan Antonio 1989, pet. ref=d) (holding statements made to psychologist admissible because they
were made for purpose of medical diagnosis and treatment).  Additionally, the plain language of Rule
803(4) does not limit the admissibility of statements made for the purpose of
medical diagnosis or treatment to licensed physicians.  See Tex.
R. Evid. 803(4).  Therefore, the
fact that Nurse Scibek is not a licensed physician does not disqualify her
testimony.  See Gregory, 56
S.W.3d at 183-85.  Accordingly, we hold
that the trial court did not abuse its discretion in allowing her to testify as
to the statements made during her examination of the complainant.  We overrule Appellant=s second issue.

 








CONCLUSION

Having overruled Appellant=s two issues, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

PUBLISH

 

DELIVERED:  March 16, 2006