MARY'S OPINION HEADING 








NO. 12-09-00371-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

WILLIE NORMAN
PURVIS,                      §                      APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Willie
Norman Purvis appeals his conviction of two counts of indecency with a child. 
In two issues, Appellant challenges the legal and factual sufficiency of the
evidence to show he had the intent to arouse or gratify his sexual desire.  We
affirm.

 

Background

            J.G.,
a four year old boy, and D.J., a five year old boy, were both foster children
through Child Protective Services (CPS). White, Appellant’s mother, kept the
children in her home.  J.G. lived with White between the ages of four months
and ten to eighteen months[1] and then
returned to live with his mother, Sarah.  Periodically, J.G. visited White
again for up to weeks at a time. D.J. lived with White, whom he called
“Granny,” for about a year.

            On July 7, 2008, J.G.
told Sarah that Appellant would “mess with his butt, touch his butt, dig in his
booty, make me sit on his lap.”  Later that day, D.J. came over to J.G.’s house
to swim with J.G., and D.J. confirmed J.G.’s account of the events.  D.J. also
told Sarah that Appellant “whooped” J.G. when Granny was not present and that
Appellant took off their clothes.  His description of Appellant’s conduct was
the same as J.G.’s, but he said that it happened to J.G. more.  Sarah then took
the two boys to a police station in Lufkin, Texas, where she signed a written
statement in which she related that the boys told her they had been subjected
to ongoing molestation by Appellant.  According to Sarah’s statement, the boys
told her that Appellant made them get naked and hump up their butts backward. 
He would then dig in their butts and play with their penises while fondling himself.
Investigations revealed that the alleged sexual contact took place in White’s
home.  Both D.J. and J.G. were interviewed and physically examined. Both
children were able to pick Appellant out of a lineup as the man who molested
them.  Appellant was charged by indictment with one count of aggravated sexual
assault of a child and three counts of indecency with a child.

            The case was tried to
the court without a jury.  At the conclusion of the trial, the trial court
found Appellant guilty of two counts of indecency with a child, as a lesser
included offense of Count I of the indictment naming J.G. and as charged in
Count IV of the indictment naming D.J.[2]  The trial court
sentenced Appellant to fifteen years of imprisonment.  Appellant filed a motion
for a new trial, which was overruled by operation of law, and this appeal
followed.

 

Sufficiency of the Evidence

            In his first and second
issues, Appellant challenges the legal and factual sufficiency of the evidence
supporting Appellant’s convictions of indecency with a child.  Specifically,
Appellant asserts that there is no evidence to show he had the intent to arouse
or gratify his sexual desire. He also claims that he
presented evidence that affirmatively negated the element of intent with regard
to the charge related to J.G.

Standard
of Review 

            The
Texas Court of Criminal Appeals recently held that the Jackson v.
Virginia legal sufficiency standard is the only standard a reviewing court
should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the state is required to prove beyond a
reasonable doubt.  See Brooks v. State, 323 S.W.3d 893, 894 (Tex.
Crim. App. 2010) (plurality op.).  Accordingly, we will not independently
consider Appellant’s challenge to the factual sufficiency of the evidence. 
Under the single sufficiency standard, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct, 2781, 2789, 61 L. Ed.
2d 560, 573 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007).  We also defer to the trier of fact’s responsibility to resolve
conflicts in testimony, weigh evidence, and draw reasonable inferences from
basic facts to ultimate facts.  Jackson, 443 U.S. at 319,
99 S. Ct at 2789. Hooper, 214 S.W.3d at 13.  Every fact does not
need to point directly and independently to the guilt of the appellant, as long
as the cumulative force of all the incriminating circumstances is sufficient to
support the conviction.  Hooper, 214 S.W.3d at 13. 
Circumstantial evidence is as probative as direct evidence in establishing
guilt and may alone be sufficient to establish guilt.  Id.  On
appeal, the same standard of review is used for both circumstantial and direct
evidence cases.  Id.

            To
obtain a conviction for indecency with a child by contact in this case, the
State was required to prove beyond a reasonable doubt that Appellant engaged in
sexual contact with the victim or caused the victim to
engage in sexual contact with him, and that the victim was
younger than seventeen years of age.  See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2010).  “Sexual contact” means “any touching of any part of the body
of a child, including touching through clothing, with the
anus, breast, or any part of the genitals of a person” “if committed with the
intent to arouse or gratify the sexual desire of any
person.”  Id. § 21.11(c) (Vernon Supp. 2010).  A
person acts intentionally with respect to the nature of his conduct when it is
his conscious objective or desire to engage in the conduct; a person acts
knowingly with respect to the nature of his conduct when he is aware of the
nature of his conduct.  Id. § 6.03(a), (b) (Vernon 2003).

Applicable
Law

            The requisite specific intent to arouse or gratify the
sexual desire of any person can be inferred from the defendant’s conduct, his
remarks, and all surrounding circumstances. McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); Breckenridge
v. State, 40 S.W.3d 118, 128 (Tex. App.–San Antonio 2000, pet.
ref’d).  A verbal expression of intent is not
required.  C.F. v. State, 897 S.W.2d 464, 472 (Tex. App.–El Paso
1995, no writ). The conduct in and of itself is sufficient to infer intent.  Id.;
see also, e.g., Hill v. State, 852 S.W.2d 769, 771 (Tex.
App.–Fort Worth 1993, pet. ref’d) (evidence that defendant placed his mouth on
complainant’s sexual organ was sufficient to support a finding that he acted
with intent to arouse or gratify his sexual desires); Gottlich v. State,
822 S.W.2d 734, 741 (Tex. App.–Fort Worth 1992, pet. ref’d) (evidence that
defendant placed his hand inside panties of complainant and played with her
“private” was sufficient to support a finding of intent to arouse or gratify), abrogated
on other grounds by Arevalo v. State, 943 S.W.2d 887 (Tex.
Crim. App. 1997); Fetterolf v. State, 782 S.W.2d 927, 933 (Tex.
App.–Houston [14th Dist.] 1989, pet. ref’d) (testimony that defendant circled
complainant's breast with his hand was sufficient to support a finding of
intent to arouse or gratify).

Discussion

            Viewing the evidence in the light most favorable to the
trial court’s finding of guilt, D.J. told the sexual assault nurse
examiner who examined him that Appellant touched “my private” and pointed to
the picture of the penis of a male diagram.  He also told her that “he put a
finger in my behind” and pointed to the picture of the buttocks of a male
diagram.  D.J. related further to the nurse examiner that Appellant “took his
clothes off of him” at Granny’s house.  Laura Smith, a professional counselor
in private practice who works with children who are in CPS custody, counseled
D.J.  During her session with him on July 17, 2008, D.J. stated that Appellant
touched D.J.’s private with his hands and told him to pull down his pants. 
Appellant then put him on the bed, pulled down his pants, and touched him with
the top of his hand nine or ten times.  In another session approximately ten
months later, D.J. demonstrated on an anatomically correct doll what happened
with Appellant in the past and told Smith that Appellant had “pulled down his
pants and underwear and touched his bare penis.”  D.J. testified that Appellant
touched his genitals one time in D.J’s room at Granny’s house while he was
watching TV. D.J. told Appellant to stop but Appellant did not comply.  The
State also introduced into evidence and played a video of D.J.’s forensic
interview.  During this interview, D.J. described how, on more than one
occasion, Appellant touched his penis and his “behind” and that Appellant
removed D.J.’s clothes and underwear in his room at Granny’s house.  The trial court, as the trier of fact, could reasonably
infer intent to arouse and gratify Appellant’s sexual desire from Appellant’s
conduct in removing D.J.’s clothes, touching D.J.’s penis, and putting a
finger in D.J.’s “behind.”  See Gottlich,
822 S.W.2d at 741; Fetterolf, 782 S.W.2d at 933. 

            Viewing the evidence in the light most favorable to the
trial court’s finding of guilt, J.G. told Sarah that Appellant would
“mess with his butt, touch his butt, dig in his booty, make me sit on his
lap.”  Further, D.J. also confirmed J.G.’s account of the events.  In her
written statement, Sarah related that the boys told her they had been subjected
to ongoing molestation by Appellant. Specifically, she said they told her that
he makes them get naked and hump up their butt backward.  They said he then
digs in their butts and plays with their penises while fondling himself.  The sexual assault nurse examiner who examined J.G. stated
that J.G. told her Appellant put “his stick in my booty five times” and pointed
to his buttocks to explain the term “booty.”  Further, J.G. testified and
showed on an anatomically correct doll that Appellant touched him on the butt[3]
with his hand.  The State also introduced into evidence and played a video of
J.G.’s forensic interview.  During this interview, J.G. stated that when
Appellant “hoffed” on him, he used J.G’s butt and Appellant’s hands, “digs in
my booty,” and “touches [my] booty with a stick.”  He also said that it hurt. 
J.G. demonstrated by using an anatomically correct doll that “hoffing” means
Appellant got on top of him.  The trial court, as the
trier of fact, could reasonably infer intent to arouse and gratify Appellant’s
sexual desire from Appellant’s conduct in laying on top of J.G., making J.G. get naked, hump up his butt backward,
digging in his butt and playing with his penis while Appellant fondled
himself.  See
Gottlich, 822 S.W.2d at 741; Fetterolf, 782 S.W.2d
at 933.            

            Appellant points out, however, that the record contains
evidence contrary to the trial court’s finding of guilt.  Specifically,
he calls our attention to his testimony that he never touched any of the boys
in a sexual manner.  Appellant also notes that he tickled J.G. on one occasion
while Granny was present, but that any contact with J.G.’s genitals was
accidental. Although this testimony evidence is
contrary to the trial court’s finding of guilt, we defer to the trier of fact
to resolve any conflicts in the testimony, to weigh the evidence, and to draw
inferences.  Jackson, 443 U.S. at 319; Hooper,
214 S.W.3d at 13.  The trier of fact was free
to believe the testimony that Appellant touched D.J. and J.G. on the anus or
genitals in the manner they described. 

            In
summary, the trial court’s resolution of the disputed factual issues was
reasonable. After viewing the evidence in a light favorable to the verdict, we
hold that a rational fact finder could have concluded that the State proved the
element of intent to arouse or gratify sexual desire beyond a reasonable
doubt.  Therefore, the evidence is legally sufficient to support the trial
court’s finding of guilt.  We overrule Appellant's
first and second issues.

 

Disposition

            We affirm the judgment of
the trial court.

 

                                                                                    James T. Worthen

                                                                                          
Chief Justice

 

 

 

Opinion delivered April 6, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J. 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)

 

 









                [1] There is conflicting
testimony about the age at which J.G. left White’s home.  His mother testified
that he left at around eight to ten months, while White testified he left at
eighteen months.

 





                [2] The original judgment
incorrectly stated that Appellant was convicted of Count I and Count II.  The trial
court entered a corrected judgment, which stated that Appellant was found
guilty under Counts I and IV.  The trial court later entered a third judgment
of conviction entitled “Nunc Pro Tunc Judgment of Conviction” correcting the
numbers of the counts stated in the “Date of Offense” section of the judgment.





                [3] When looking at the back of
the doll, J.G. used the word “butt.”  The State requested that the record
reflect that when J.G. said “butt,” the State was pointing to the doll’s anus.