

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00211-CR

**MELVIN LEE SANDERS, III,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F47748

## MEMORANDUM OPINION

Melvin Lee Sanders, III was convicted of aggravated sexual assault and sentenced to life in prison. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). The victim of the sexual assault, C.T., was a child under the age of 14 and had been renting a room with her mother from Sanders' mother. One evening, Sanders followed C.T. to a pond at the back of his mother's property. When C.T. tried to return to the house, Sanders forced C.T. into a dump truck and sexually assaulted her. Because there is no longer a "factual sufficiency" review of the evidence, and because the trial court did not err in

admitting the outcry statement and did not err in denying Sanders' requests for a mistrial, the trial court's judgment is affirmed.

In his first issue, Sanders contends that the evidence is "factually insufficient" to support his conviction because "it is so weak as to be clearly wrong and manifestly unjust" and the finding of guilt by the jury "is against the great weight and preponderance of the available evidence." He asks for a remand from this Court for a new trial.

The "factual sufficiency" review enunciated by *Clewis v. State*, 922, S.W.2d 126 (Tex. Crim. App. 1996) and its progeny was overruled as the standard of review for a sufficiency of the evidence challenge over four years ago. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The appropriate standard of review for a challenge to the sufficiency of the evidence is the *Jackson v. Virginia* standard. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011) (the reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt). By asking this Court to only review the factual sufficiency of the evidence, Sanders concedes the evidence is sufficient under the *Jackson* standard of review. Sanders' first issue is overruled.

In his second issue, Sanders asserts the trial court erred in admitting parts of

C.T.'s outcry statement that Sanders alleges exceeded the scope of the State's pre-trial notice summary provided to Sanders pursuant to Article 38.072 of the Texas Code of Criminal Procedure. Article 38.072 provides an exception to the hearsay rule for certain offenses if a statement describing the alleged offense is made by a child to the first person 18 years of age or older and, on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

    (A) notifies the adverse party of its intention to do so;

    (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

    (C) provides the adverse party with a written summary of the statement.

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1), (2), (3) and (b) (West 2005). The provisions of the statute are mandatory and must be complied with in order for an outcry statement to be admissible over a hearsay objection. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990).

Sanders does not contest that the State timely provided a notice or that Nancy was a proper outcry witness. His complaint is that Nancy was allowed to testify as to additional statements by C.T. that were not included in the State's summary and were, therefore, hearsay. The summary provided by the State included the following statements by C.T. as relayed by Nancy: 1) C.T. had been by the pond; 2) Sanders came out to C.T.; 3) C.T. went walking back to the house; 4) Sanders followed her; 5) when

they arrived at a dump truck, Sanders stopped C.T. and forced her into the dump truck; 6) Sanders held C.T. down, took off C.T.'s shorts, covered C.T.'s mouth, and forced C.T. to have sex with him. The additional statements by C.T. to which Nancy testified were that C.T. had tried to run away because Sanders said something[1] to C.T. that gave C.T. chills and that C.T. only went about two feet before being caught.

A trial court does not err in admitting hearsay statements not contained in the outcry notice summary if those statements describe "the circumstances leading up to the outcry statement and its details." *Gottlich v. State*, 822 S.W.2d 734, 737 (Tex. App.—Fort Worth 1992, pet. ref'd), *disapproved of on other grounds by Curry v. State*, 861 S.W.2d 479 (Tex. App.—Fort Worth 1993, pet. ref'd) (no error in admitting statement that victim did not want to go swimming with defendant or that described length of time of abuse). Nancy's testimony of C.T.'s statements not included in the summary do not describe any act of abuse in particular; instead, they are contextual statements that describe the circumstances surrounding the charged conduct. Accordingly, we conclude the objected-to statements describe "the circumstances leading up to the outcry statement and its details," and therefore, the trial court did not err by admitting Nancy's testimony as to those statements. *See Gottlich*, 822 S.W.2d at 737. *See also Campos v. State*, Nos. 01-13-00415-CR, 01-13-00416-CR, 01-13-00417-CR, 2015 Tex. App. LEXIS 230, 33 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (not designated for publication)

---

[1] At this juncture in the record, it is not known what Sanders said to C.T.

(statement about location of assault was contextual which described circumstances surrounding charged conduct); *Lackland v. State*, No. 06-99-00070-CR, 2000 Tex. App. LEXIS 2409, 2-3 (Tex. App.—Texarkana Apr. 13, 2000, no pet.) (not designated for publication) (no error when summary did not include location of assault or that witness also talked to victim's older sister; such statements are events surrounding the outcry).

Near the end of this issue, Sanders adds an additional argument that the State failed to comply with Article 38.072, Section 2(b)(3) by not offering any evidence or making any assertion at the hearing assessing the reliability of the outcry statements that C.T. would testify at the trial or be available to testify at the trial. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(3) (West 2005). The provision does not require such evidence or assertion at the hearing. *Id.* (b)(2). Furthermore, the record indicates that C.T. did testify and that Sanders was provided notice of C.T.'s intent to testify prior to trial.

Sanders' second issue is overruled.

In his third, fourth and fifth issues, Sanders contends the trial court erred in denying Sanders' motions for mistrial after two separate State's witnesses testified that Sanders had warrants out for his arrest and a third State's witness testified that Sanders had a criminal history.

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003); *Wood*

*v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A prompt instruction to disregard will ordinarily cure any prejudice associated with improper testimony regarding extraneous offenses. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). *Accord Marshall v. State*, 210 S.W.3d 618, 628-629 (Tex. Crim. App. 2006). The trial court is required to grant a motion for a mistrial only when the improper testimony is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

This was a five day trial. Three days were dedicated to testimony on guilt/innocence. Sixteen different witnesses testified over the course of the three days. Some testified more than once. On the first day of testimony, the State's second and third witnesses mentioned Sanders had warrants. On the second day of testimony, the State's second witness mentioned Sanders had a criminal history. Each of the responses by the witness were not prompted by the State's questions; they were non-responsive answers to questions not designed to elicit the responses given. The objectionable testimony was brief and immediately cut off by an objection by Sanders. The trial court promptly instructed the jury to disregard each response given.

Sanders mentions in his brief that at least one juror did not adhere to the trial court's instruction to disregard. In his motion for new trial, he attached an affidavit from Juror Mona Grant who stated that at least one juror said during deliberations that

Sanders was going to prison anyway because of the warrants. Grant did not name this juror. Further, there is no indication in the record that the motion for new trial was ever presented to the trial court and no hearing was ever set or held to adduce facts not in the record and to expand upon Juror Grant's affidavit. Thus, based on the record as presented, there is nothing to indicate the trial court's instruction did not cure any prejudice associated with the witnesses' non-responsive answers. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (presumption that jury followed instruction is rebuttable, but appellant did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record.)

Sanders' third, fourth, and fifth issues are overruled.

Having overruled each of Sanders' issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 7, 2015
Do not publish
[CRPM]

