IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAY 05 2015

Abel Acosta, Clerk

------------------

No. WR-80,458-01

------------------

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 0 1 2015

Abel Acosta, Clerk

EX PARTE WALTER AARON HAMILTON, Applicant

------------------

MOTION FOR RECONSIDERATION

------------------

TO: THE HONORABLE JUSTICES OF THE
    TEXAS COURT OF CRIMINAL APPEALS


    COMES NOW, Walter Aaron Hamilton, Movant/Petitioner, ('Hamilton'), proceeding in propria persona, and pursuant to the provisions and authority of Texas Rule Of Appellate Procedure 79.2(d), in conjunction with the due proces and due course of law protections and guarantees of the United States and Texas Constitutions, and respectfully request that this Honorable Court on its own Reconsider it's Opinion rendered on March 18, 2015, whereas, this Court GRANTED relief and set aside Count Two but subsequently denied all other relief. See Ex Parte Lemke, 13 S.W.3d 791 (Tex.Crim.App. 2000): also Lookingbill v. Cockrell, 293 F.3d 256 (5th Cir. 2002). In support, Hamilton respectfully shows this Honorable Court as follows.

_Denied_ June 10, 2015 PC

This case does NOT require the breaking of new ground; whereas, the State, The Honorable Fourth Court of Appeals, The Honorable Texas Court of Criminal Appeals, and the United States Supreme Court **ALL AGREE** on this issue.

1.) Reconsideration should be GRANTED in this case because this Honorable Court has held that in all cases where issues under consideration have been previously addressed in an Opinion, that Opinion should be followed unless there are urgent and compelling reasons to overrule that precedent, See Mc Glothlin v. State, 896 S.W.2d 183 (Tex.Crim.App. 1995).

2.) This Honorable Court has also made it clear that Appellate Judges should achieve uniformity in the interpretation of similar laws. See Eaves v. State, 353 S.W.2d 231 (Tex.Crim.App. 1961).

## HISTORY OF THE CASE

On or about February 29, 2008, Applicant was found guilty by a jury on Four Counts of Aggravated Sexual Assault, Aggravated Robbery, and Aggravated Kidnapping. On March 3, 2008, the jury sentenced Applicant to sixty (60) years on Count One, Thirty (30) years on Count Two, Three , and Four. Ten (10) years on Count Five, and Sixty (60) years on Count Six. Applicant's Petition For Discretionary Review was refused on september 22, 2010. Applicant's conviction was affirmed on appeal and a Mandate was issued on November 19, 2010. On October 8, 2010, the Court of Criminal Appeals granted an extension of time to file for rehearing. Rehearing Motion was filed on Ovtober 18, 2010 and was subsequently rejected for non-compliance of rule 79.2(c) on October 21, 2010. On december 16, 2010, Applicant filed a Writ of Certiorari in the United States Supreme Court. Certiorari was denied on May 23, 2011 (Cause No. 10-9586. On February 6, 2012, Applicant filed a Chapter 64 Motion for Post-Conviction forensic DNA Testing. The Trial Court appointed Counsel on february 13, 2012. On February 19,2013, an Order was signed denying Applicant's Motion. An Application for Writ of Habeas Corpus (11.07) was filed on March 13, 2013. This Honorable Court of Criminal Appeals received Applicant's Application on October 29, 2013. On March 18, 2015 this Honorable Court handed down its Opinion. The Court found that Applicant received multiple punishments in violation of the Double Jeopardy Clause and **GRANTED** relief, thereby, setting aside Count II in Cause No. 2006-CR-3927, and denying all other relief. Applicant filed for an

(2)

Extension of Time to file Motion for Rehearing on March 28, 2015, which this Honorable Court GRANTED on April 9, 2015. The Motion for Rehearing is due on May 1, 2015.

## ARGUMENT

### A.) DOUBLE JEOPARDY

This Honorable Court, in relying on the Trial Court's Recommendation, held that Hamilton received multiple punishments in violation of the Double Jeopardy Clause. In **GRANTING** relief, this Honorable Court set aside Count II. Hamilton contends that by setting aside Count II ONLY that he received only partial relief of what should have been Granted. The Double Jeopardy violation in Hamilton's case runs much deeper than the Trial Court's recommendation. The Court is correct in setting aside Count II, however, based on this Honorable Court's precedent, the relief granted, as far as the double jeopardy violation is concerned, should have been the setting aside of Counts II – VI.

It is clear on the Face of the Charging Instrument that Counts II – VI are in violation of the Double Jeopardy Clause. The decision that this Court reached in it's Opinion with Hamilton is in Direct Conflict with this Honorable Court's Precedent.

The Texas Constitution in Art. 1, § 14 plainly states, "No person for the same offense shall twice be put in jeopardy of Life or Liberty." This Honorable Court has held that, **"IN TEXAS, the 'ALLOWABLE UNIT OF PROSECUTION' for an "ASSAULTIVE"** offense is **"EACH VICTIM".** See Ex Parte Hawkins, 6 S.W.3d 554,560 (Tex.Crim.App.1999); Ex Parte Rathmel, 717 S.W.2d 33,36 (Tex.Crim.App.1986). This is directly on point with the claims in Hamilton's case where there was ONE VICTIM during ONE continuous **"ASSAULTIVE"** offense.

As stated previously, this issue with Hamilton does **NOT** require breaking new ground. Furthermore, the **State,** the **Honorable Fourth Court of Appeals,** and the **Honorable Texas Court Of Criminal Appeals, ALL AGREE** on this issue, however, refuse to apply the same precedent to Hamilton's case.

(3)

1.) The **STATE** argues, the 'Allowable Unit of Prosecution' should be **"EACH VICTIM"**. See Miles v. State, 259 S.W.3d at 248.

2.) The **Honorable Fourth Court Of Appeals- AGREES**. See Haight v. State, 103 S.W. 3d 498,503 (Tex.App-SAN ANTONIO 2003).

3.) The **Honorable Texas Court Of Criminal Appeals – AGREES** See Ex Parte Cavazos, 203 S.W.3d 333,337 (Tex.Crim.App.2006); Ex Parte Hawkins, 6 S.W.3d 554,560 (Tex.Crim.App.1999) and Ex Parte Rathmel, 717 S.W.2d 33,36 (Tex.Crim.App. 1986).

This Honorable Court has continued with this reasoning on **'ASSAULTIVE'** type offenses. "Robbery is an **'ASSAULTIVE'** offense. See Young v. State, 283 S.W. 3d 854, 862 (Tex.Crim.App.2009). "The **'Unit of Prosecution'** of the offense of Robbery is **THE VICTIM.**" See Byrd v. State, 336 S.W.3d 242,251 n.43 (Tex.Crim. App. 2011). "Therefore, the gravaman of Robbery [Assaultive Offense] offenses, including Aggravated Robbery, is the defendant's Assaultive conduct against **'EACH VICTIM'**. Id at 251.

This is where the distinction must be made and the Trial Court's Recommendation is in err. This **IS NOT** a case where the 'Unit of Prosecution' is the NATURE of the prohibited conduct, such as an Indecency with a Child case where the gravaman of that statute (Tex.Penal Code Ann. § 21.11) is the nature of the prohibited conduct.... "The commission of each prohibited act determines how many convictions may be had for a particular course of conduct." See Austin Loving v. State, 401 S.W.3d 642; 2013 Tex.Crim.App. LEXIS 950. However, **This does not apply in an 'ASSAULTIVE' offense as this Honorable Court continues to hold.**

Furthermore, the Supreme Court of The United States also agrees. "To determine whether offenses are the same for Double Jeopardy purposes, an appellate Court **MUST** construe the statutory provisions in question to discern the 'Allowable Unit of Prosecution'...". Quoting Sanabria v. United States, 437 U.S. 54, 69-70, 98 S.Ct. 2170, 2181-82, 57 L.Ed.2d 43,57 (1978). The High Court went on to say, "A single offense should normally be charged in **ONE COUNT** rather than several, even IF DIFFERENT MEANS OF COMMITTING THE OFFENSE ARE ALLEGED. Id at 69-70, emphasis added. So, the question remains, Why is this precedent not being followed in the instant case with Hamilton, who was charged, convicted and sentenced on Four (4) Counts of Aggravated Sexual Assault, One (1) Count of Aggravated Robbery, and One (1) Count of Aggravated Kidnapping, where the "UNIT OF PROSECUTION" was One Victim? Were this not an ASSAULTIVE offense this wouldn't be an issue. Furthermore, Aggravated Robbery and Aggravated Kidnapping are both ASSAULTIVE

(4)

offenses. Again, there was only **ONE VICTIM** and **"IN TEXAS"**, the 'Unit of Prosecution in an **ASSAULTIVE** offense is **EACH VICTIM** and in the case with Hamilton, there was only ONE VICTIM.

Aggravated Kidnapping is also by statute an "ASSAULTIVE" offense. In the case with Hamilton, ALL Six Counts stem from the same Criminal Episode, i.e., an unbroken sequence. The Court in <u>Roberts</u> stated, "Though to convict him of assault the State need not have proved an abduction, in proving the abduction for purposes of kidnapping, the State satisfied the elements for Aggravated "ASSAULT". See <u>Roberts v. State</u>, 795 S.W.2d 842,882 (Tex.App.-Beaumont 1990). This is on point with the instant case.

Hamilton has clearly shown in the case against him that Counts 2-6, in an unbroken sequence, are **ALL** "ASSAULTIVE" offenses and that the 'Unit of Prosecution' for such offenses is EACH VICTIM, wherein, the case with Hamilton there was ONE VICTIM.

For the foregoing reasons, Rehearing should be granted as the Trial Court's Recommendations directly conflict with this Honorable Courts precedent on this issue.

## B.) <u>ACTUAL INNOCENCE</u>

This Honorable Court denied relief on this claim without any reasons in its Opinion, which only addressed the previous Double Jeopardy claim. Hamilton maintains his innocence in this crime! The Trial Court's double-talk in its Findings of Fact and Conclusion of Law is fascinating. They should read it.

First, the Trial Court found both, Trial and Appellate Counsel affidavits to be "Truthful and Credible." (Paragraph 5, pg.14 - Courts Conclusion of Law). However, **BOTH** attorney's have **lost the Appellant's record.** This in itself, is "INCREDIBLE". It is rare that an Attorney loses his client's file. So, what a rarity this is that both of Hamilton's Attorney's have lost his record. Appellate Counsel, edward Shaughnessy III, in his affidavit (pg.21- attached to Court's Conclusion of Law) plainly states that he is..."unable to locate the file..." "consequently the Affiant's ability to respond to the Applicant's (Hamilton) complaint **is limited.**" Four years later I would imagine so. Trial

(5)

Counsel, Jeffrey J. Scott at a hearing held in the 226th District Court before the Honorable Sid L. Harle has admitted that he lost Hamilton's record in a recent flood at his storage facility. On what evidence did the Trial Court base its decision to find the Attorney's affidavits to be "Truthful and Credible"? The obvious answer is HEARSAY. Noteworthy here is the fact that trial counsel Jeffrey J. Scott was SANCTIONED by the State Bar for his actions prior to the Trial in this case. This was over a grievance that Hamilton had filed on Counsel which obviously created a Conflict of Interest and the reason that Counsel claims to have lost Hamilton's file.

Nevertheless, the Court after finding the Attorney's affidavits to be truthful and credible found BOTH attorneys to be **DEFICIENT** and **INEFFECTIVE in** its finding of Fact and Conclusion of Law. (See pg. 14 - Courts Conclusion of Law).

In this case Hamilton brought up claims under both, a Herrera-type claim and a Schlup-type. The Trial court correctly notes (#10, pg. 16) that a Schlup-type claim is a procedural claim in which the Applicant's claim of innocence " 'does not by itself provide a basis for relief', but is INTERTWINED with **CONSTITUTIONAL ERROR** that renders a persons conviction Constitutionally invalid." SCHLUP, 513 U.S. at 315, 115 S.Ct. 851.

The Trial Court in its findings found that Hamilton failed to establish a "Constitutional error" and therefore, recommended that the claim be denied. Hence, the double-talk. Did not the Court just find that **BOTH** attorneys were **INEFFECTIVE,** thereby, violating Hamilton's Constitutional Sixth Amendment Right to Effective Counsel? This IS Constitutional Error, or does that only apply when in favor of the State?

The Court goes on to say(#12)... Applicant's Actual Innocence Claim must be treated as a Herrera-type claim...A Herculean task. Of course a Herrera-type claim is a Herculean task, hence, why the Court disputes the Schlup claim that Hamilton has proved in the first place. Actually, the Trial Court in it's recommendation verified Hamilton's claim with it's own argument. All this Honorable Court has to do is look at Hamilton's actual Innocence Claim along with the evidence provided (attached to Hamilton's Memorandum accompanying his 11.07) and it will see, as the Trial Court states, no REASONABLE juror would have [could have] convicted Hamilton in light of the new evidence. Yes, the "Trial Court" finds that Hamilton's claim of Actual Innocence are not "newly discovered" (see pg. 17, #13). **HOWEVER,** as Hamilton states in his claim of Actual Innocence (Pg.

(6)

12 -Memorandum attached to 11.07 Writ) "The Supreme Court in Schlup CLARIFIED that "the emphasis on 'Actual Innocence' allows the reviewing tribunal **ALSO** to consider the probative force of RELEVANT EVIDENCE that was either EXCLUDED or UNAVAILABLE at trial." The Court went on to say, "Indeed, with respect to this aspect of the CARRIER standard, (Murray v. Carrier, 106 S.Ct. 2635, 477 U.S. 478) We believe that Judge Friendly's description of the inquiry is appropriate: The Habeas Court **MUST** make its determination concerning the Petitioner's Tnnocence in light of all the evidence, [Not just the cat and mouse [Chess] game played between the Prosecutor and the Defense Attorney] including the alleged to have been illegally admitted and evidence tenably claimed to have been "WRONGLY EXCLUDED" or to have been available only after trial. Schlup v. Delo, 115 S.Ct. 851,865 (1995).

Furthermore, this Honorable Court of Criminal Appeals held in BROWN, that the applicant must prove that he relies upon "Newly Discovered" or "Newly Available" evidence. The term "Newly Discovered Evidence" refers to the evidence that was not known to the Applicant at the time of trial and could not be known to him even with the exercise of due diligence. He cannot rely upon evidence or facts that were available at the time of his trial, plea, or Post-trial Motions, such as Motions for New Trial in claims that have already been raised and rejected are not cognizable..." **HOWEVER,** this Honorable Court went on to say, "but an exception to this rule is when Direct Appeal cannot be expected to provide an adequate record to evaluate the claim in question and the claim might be sub-stantiated through additional evidence gathering in a habeas corpus proceeding. Ex Parte Brown, 205 S.W.3d 538,545 (Tex.Crim.App.2006). This is precisely the point with Ineffective Assistance of Counsel Claims on an 11.07 State Writ of Habeas Corpus; which is the **CONSTITUTIONAL VIOLATION** claimed in this ground by Hamilton and **admitted to by the Trial Court!**

It is for these reasons that Hamilton contends that the Trial Court erred in it's Recommendation to this Honorable Court. Rehearing should be GRANTED on this issue as the Trial Courts Recommendation is in conflict with this Honorable Court's precedent.

***NOTE*** It is worth reminding the Court that the Honorable Fourth Court of Appeals found error in this case.(See Court's Opinion). The Trial Court now finds error in Hamilton's habeas application. ALL **CONSTITUTIONAL ERROR.** Trial Counsel and Appellate Counsel BOTH lost Hamilton's record.

**C.)** IAC - APPELLATE COUNSEL

With no comments this Honorable Court also denied relief on this claim. The Habeas Courts Recommendation is contrary to its Finding of Fact and Conclusion of Law. In its Recommendation (Pg.12, #9) "Applicant complains in his Third Groud for relief that Counsel did not raise the issue of Prosecutorial Misconduct contrary to Applicant's wishes.". "Said complaint clearly indicates that alleged misconduct was known to Applicant at time of trial." The Court further stated in its Recommendation (Pg.17, #14), "Generally, Prosecutorial Misconduct is a type of claim that **should be raised up on appeal** if a review of the record shows that at trial a defendant had knowledge of the factual basis for which he supports his Prosecutorial Misconduct.." See ExParte Webb, 270 S.W.3d 108,111 (Tex.Crim.App. 2008). The Court went on to say, "...this Court concludes that Applicant had knowledge at the time of trial of the factual basis for which he supports his Prosecutorial Misconduct Claim and **said Claim should have been raised on appeal.**" (See Pg. 18, #14).

When the Habeas Court plainly admits that the Claim of Prosecutorial Misconduct should have been raised on appeal, How can the same Court in the same argument not find Counsel to be Ineffective in not doing so? Furthermore, How can this Honorable Court not even acknowledge such **CONSTITUTIONAL ERROR?**

## CONCLUSION

Hamilton has clearly shown that he was convicted on a Multiplicitous Indictment. That the Double Jeopardy Claim is clearly on the face of the charging Instrument. The relief GRANTED should have been extended to include Counts 2-6.

Furthermore, Hamilton has shown that his Actual Innocence claim should fall under a Schlup-Type claim as his claim **IS** Intertwined with **CONSTITUTIONAL ERROR.** The Habeas Court found that Hamilton's Trial Counsel and Appellate Counsel were **BOTH DEFICIENT AND INEFFECTIVE.**

Finally, Hamilton has clearly shown, and the Habeas Court's own words show that Counsel on appeal was **also Ineffective** in not bringing forth a Prosecutorial Misconduct claim on Direct appeal. A claim that permeated the entire trial. Counsel was also requested to bring forth other Exculpatory Evidence which he neglected to do. (See Ground III, Applicant's 11.07 Writ and attached Memorandum.)

(8)

Counsel's deficient performance directed affected the later decision of the Honorable Fourth Court of Appeals in affirming Hamilton's conviction. All of these Claims have merit and it is for this reason that Rehearing should be GRANTED.

This Motion is grounded in this Honorable Court's precedent and is made in good faith and not for delay.

## PRAYER

WHERE, PREMISES CONSIDERED, Hamilton prays that this Honorable Court GRANT his Motion For Rehearing and that relief be GRANTED in his habeas writ. Hamilton prays that his conviction be set aside due to Actual Innocence. Hamilton further prays that in the alternative, Counts 3-6 also be set aside as they clearly violate the Double Jeopardy Clause, and that relief also be GRANTED on Ground III finding Counsel on Appeal to be Ineffective, thereby GRANTING Hamilton a new appeal so that these claims can be properly put before the Appellate Court, and any other relief that may be due Applicant.

## CERTIFICATE OF SERVICE

I, Walter Aaron Hamilton, TDCJ-CID #1493992, Applicant/Movant, being presently incarcerated at the O.B. Ellis Unit of the Texas Prison system, here in Walker County, texas, do hereby certify that a true and correct copy of the above and foregoing Motion For Reconsideration was mailed to: District Attorney, Bexar County, 300 Dolorosa St. No. 5072, San Antonio, Texas, 78205, on this the 22nd day of April, A.D. 2015, by depositing the same into the Internal Prison Mail System, with first class postage pre-paid.

                                            Walter Aaron Hamilton, Pro-se
                                            Applicant / Movant

## INMATE DECLARATION

I, Walter Aaron Hamilton, TDCJ-CID #1493992, Applicant, being presently incarcerated at the O.B. Ellis Unit of the Texas Prison System, here in Walker County, Texas, declare under the penalty of perjury that the above and foregoing is true and correct to the best of my knowledge and belief.

EXECUTED on this the 22nd day of April, A.D. 2015.

                                            Walter Aaron Hamilton, Pro-se
                                            Applicant / Movant
                                            TDCJ-CID #1493992
                                            D.O.B. 11/07/65
                                            Ellis Unit
                                            1697 FM 980
                                            Huntsville, Texas  77343