BAUTISTA v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-527-CR

FREDDIE LEE BAUTISTA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

OPINION

------------

Appellant Freddie Lee Bautista appeals his conviction for indecency with a child.  After finding Appellant guilty, the jury assessed his punishment at four years’ confinement, and the trial court sentenced Appellant accordingly.  In two issues, Appellant argues that the trial court abused its discretion in allowing an outcry witness to testify when a summary of that witness’ statement had not been provided to Appellant pursuant to code of criminal procedure article 38.072 and in allowing hearsay testimony from a registered nurse concerning statements made by the victim in the course of the nurse’s physical examination.  We affirm. 

FACTUAL BACKGROUND

Randall Hammond, the father of the five-year-old complainant, testified that he and his wife, Amanda Hammond, were separated and living apart at the time of the incident.  Appellant began staying with Amanda shortly after Randall and Amanda separated.  The complainant, who lived with Amanda and her two siblings, was not enrolled in school at that time.  Randall testified that Appellant, Amanda’s cousin, babysat the children while he and Amanda were working. 

In March 2003, when the complainant was visiting Randall, he noticed that she was scratching her private area.  Randall took her to the emergency room where she was examined.  The exact date of the incident is unclear, but the record indicates that it occurred sometime around the complainant’s birthday on March 9, 2003.

On March 27, 2003, Investigator Charles Parker testified that he was contacted regarding this case and commenced an investigation in which Appellant was a suspect.  On April 2, 2003, the investigator questioned Appellant, but Appellant denied any wrongdoing and did not give a written statement.  On June 4, 2003, Investigator Parker questioned Appellant again, and Appellant signed a written statement.  In his statement, Appellant admitted to putting his hand on the complainant’s “vagina” and that he told the complainant not to tell anyone because he would go to jail. 

Sue Scibek, a registered nurse, examined the complainant on March 28, 2003.  Over Appellant’s hearsay objection, the trial court allowed Nurse Scibek to testify that the complainant told her that the babysitter, whose name was Freddie, had touched her inside of her clothes with his hand while her mother was at work, and that it had happened more than one time. 

Patricia Remington, a forensic interviewer at the Young County Advocacy Center testified that she had conducted a forensic interview of the complainant on March 28, 2003.  During the interview, the complainant informed Remington that Appellant had touched her “tee-tee,” referring to her vaginal area. 

The complainant testified that Appellant would babysit her while her mother was working.  She testified that on one occasion, Appellant put his hand inside her clothes and touched her private area.  She testified that Appellant told her not to tell anyone. 

VICTIM’S OUTCRY STATEMENT

In his first issue, Appellant complains that the trial court abused its discretion in allowing an outcry witness to testify when a summary of that witness’ statement had not been provided to him pursuant to code of criminal procedure article 38.072, section 2(b). 

A court’s decision that the outcry statement is reliable and admissible under article 38.072 will not be disturbed absent a clear abuse of discretion. 
Garcia v. State
, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion. 
 
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). 

Code of criminal procedure article 38.072, section 2(b) requires that the defendant receive adequate notice of the content of the outcry statement through a written statement of the summary prior to trial.  
Tex. Code Crim. Proc. Ann.
 art. 38.072 (Vernon  2005);
 Gottlich v. State
, 822 S.W.2d 734, 737 (Tex. App.—Fort Worth 1992, pet. ref’d); 
Norris v. State
, 788 S.W.2d 65, 68 (Tex. App.—Dallas 1990, pet. ref’d).  The purpose of article 38.072, section 2(b) is to prevent any unfair surprise from the introduction of the outcry testimony.  
Gottlich
, 822 S.W.2d at 737.  However, all that is required is that the defendant receive adequate notice of the content and scope of the outcry testimony.
  See Gottlich
, 822 S.W.2d at 737.

The State filed a “Notice of Intent to Use Child Abuse Victim’s Hearsay Statement” on February 5, 2004, and the notice indicates that it was mailed to Appellant’s attorney of record on the same date.  Therein, the State gave notice of its intent to offer the statement through Trish Remington and stated, “A summary of the statement is as follows:  See attachment ‘State’s Exhibit A.’”  Appellant complains that the State did not provide such notice, because State’s Exhibit A is not attached to the “Notice of Intent to Use Child Abuse Victim’s Hearsay Statement” that is included in the clerk’s record on appeal. The State argues that the mere fact that the clerk’s record does not contain the written summary of the statement does not mean that the State did not proffer a written summary to the defense. 

This court requested that the trial court supplement the clerk’s record on appeal, and the trial court supplemented the record by providing us with Exhibit A that was attached to the State’s “Notice of Intent to Use Child Abuse Victim’s Hearsay Statement,” which is in fact a summary of the intended, and actual, testimony.  Additionally, during the cross-examination of Remington, Appellant’s attorney stated, “I’ve been provided a copy of a summary of things that you’ve given to the district attorney’s office.”  Appellant’s attorney then handed Remington a copy of the summary and then asked her, “And if I told you that was a copy of what the district attorney’s office represented to me as a summary of your testimony, you don’t have any reason to disagree with that, do you?”  Therefore, the record does reflect that the State did, in fact, provide the defense with the written summary of the statements made to an outcry witness.  We hold that the trial court did not abuse its discretion in allowing the victim’s outcry statements.  Accordingly, we overrule Appellant’s first issue.

HEARSAY STATEMENT 

Appellant argues that the trial court abused its discretion in allowing Nurse Scibek to testify under rule of evidence 803(4) regarding statements made by the complainant during a physical exam because she is a nurse practitioner, rather than a physician.  Over Appellant’s hearsay objection, Nurse Scibek testified that the complainant told her that the babysitter had touched the inside of her clothes with his hand while her mother was at work and that it had happened more than one time.  It is not the substance of the testimony that Appellant complains about, but rather the fact that the recipient of the statements in issue was a non-physician.

We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

Rule 803(4) provides an exception to the hearsay rule for “[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.”  
Tex. R. Evid. 
803(4).  This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment.  
Beheler v. State
, 3 S.W.3d 182, 188 (Tex. App.—Fort Worth 1999, pet. ref’d). 

Appellant directs our attention to 
Gregory v. State
 and urges this court to adopt the position of the dissent, which complained that because a nurse is prohibited by law from making a diagnosis and treating the child, the nurse’s testimony is inadmissible hearsay.  56 S.W.3d 164, 182-85 (Tex. App.—Houston [14th
 Dist.] 2001, pet. dism’d) (Wittig, J., dissenting), 
cert. denied
, 538 U.S. 978 (2003).  However, Texas courts have allowed non-physicians to testify under the medical diagnosis and treatment exception to hearsay.  
See, e.g.,
 
Horner v. State
, 129 S.W.3d 210, 219 (Tex. App.—Corpus Christi 2004, pet. ref’d), 
cert. denied
, 125 S. Ct. 2905 (2005) (allowing social worker to testify under rule 803(4)); 
Gregory
, 56 S.W.3d at 183-85 (allowing nurse to testify under rule 803(4)); 
Puderbaugh v. State
, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet. ref’d) (allowing clinical social worker to testify under rule 803(4)); 
Gohring v. State
, 967 S.W.2d 459, 461 (Tex. App.—Beaumont 1998, no pet.) (allowing play therapist, under supervision of licensed psychologist, to testify child was abused by her father); 
Moyer v. State
, 948 S.W.2d 525, 527-28 (Tex. App.—Fort Worth 1997, pet. ref’d) (concluding statements made by patient to paramedic were admissible);
 Torres v. State
, 807 S.W.2d 884, 886-87 (Tex. App.—Corpus Christi 1991, pet ref’d) (holding emergency room nurse could testify as to victim’s statement even though nurse was also collecting evidence); 
Macias v. State
, 776 S.W.2d 255, 259 (Tex. App.—San Antonio 1989, pet. ref’d) (holding statements made to psychologist admissible because they were made for purpose of medical diagnosis and treatment)
.  Additionally, the plain language of Rule 803(4) does not limit the admissibility of statements made for the purpose of medical diagnosis or treatment to licensed physicians.  
See
 
Tex. R. Evid.
 803(4).  Therefore, the fact that Nurse Scibek is not a licensed physician does not disqualify her testimony.  
See
 
Gregory
, 56 S.W.3d at 183-85.  Accordingly, we hold that the trial court did not abuse its discretion in allowing her to testify as to the statements made during her examination of the complainant.  We overrule Appellant’s second issue.

CONCLUSION

Having overruled Appellant’s two issues, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  March 16, 2006