**AFFIRM; and Opinion Filed May 2, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00675-CR

**FRANCISCO ARIEL VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1555979-U**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Appellant Francisco Ariel Vasquez appeals his conviction for sexual assault of a child. In a single issue, appellant argues the trial court abused its discretion in overruling his objection to a hearsay statement that was not admissible under the medical diagnosis exception. We conclude any error in the admission of the complained of statement was rendered harmless when substantially the same evidence was introduced without objection. We affirm appellant's conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

C.H. met appellant in May 2015 through a friend of her mother. At that time, she was fifteen years old and appellant was twenty-four. Shortly after they met, C.H. moved into an apartment with appellant and his mother.

C.H.'s nineteen-year-old sister, P.H., learned in June 2015 that C.H. was living with appellant. P.H. and C.H.'s mother had been unstable since they were both very young. She moved from place to place and lived in different homes with different men. As a result, C.H. often changed schools and fell a grade behind in school. P.H. felt C.H. needed to be somewhere stable and permanent and away from men. P.H. told their mother that she wanted C.H. to live with her and that she would take care of her. P.H. contacted Child Protective Services and reported that C.H. was living in an unstable home.

Two weeks after P.H. contacted CPS, C.H. called P.H. C.H. was nervous and needed help because her menstrual period was overdue and she thought she was pregnant. P.H. went to appellant's apartment and drove C.H. to a pharmacy where they purchased a home pregnancy test. Initially, C.H. refused to name the father of the anticipated child. After the test came back negative, C.H. told P.H. that she and appellant had a sexual relationship.

P.H. was concerned that, if the circumstances did not change, C.H. would become pregnant and unable to work, and that C.H. would have the responsibility of taking care of a baby when she was herself still a child. P.H. offered to allow C.H. to move into her residence. C.H. refused to do so and went back to appellant's apartment.

P.H. told her mother that if she did not do something about the situation, she would. When her mother failed to take action, P.H. called the police and reported that her fifteen-year-old sister was having a sexual relationship with an older man and that it would continue if she did not get out of the house. After police officers Ferdinand and Jackson spoke with P.H., they

went to appellant's apartment. When they arrived, C.H. answered the door. The officers noticed what they described as visible "hickies" on the left side of her neck, but did not see any other visible bruises or any signs of abuse. C.H. told the officers she lived in the apartment with her boyfriend, her boyfriend's mother, and another man. C.H. initially denied having sex with appellant. After a female officer arrived at the apartment, C.H. admitted that she had engaged in sexual activity with appellant. The officers put C.H. in one of the patrol cars to transport her to the child exploitation unit and then to a hospital. While the officers were putting C.H. in the car, appellant appeared. The officers asked him about C.H. After ascertaining that his age was twenty-four and that he knew of C.H.'s age, they arrested him.

P.H. was awarded temporary guardianship over C.H. A grand jury issued an indictment charging appellant with sexual assault of a child. The State thereafter filed a notice of intent to enhance the applicable punishment range with a prior felony conviction. Appellant entered a plea of not guilty, and a jury found him guilty of the charged offense. Appellant chose to have punishment assessed by the trial court. He pleaded true to the enhancement allegation, and the trial court assessed punishment at eight years' imprisonment.

## DISCUSSION

Appellant argues the trial court abused its discretion by admitting, over objection, hearsay testimony offered under the medical diagnosis exception. Appellant urges the admission of this evidence was not harmless because this was the first evidence the jury heard regarding a sexual relationship between C.H. and appellant.

### I.    STANDARD OF REVIEW

An appellate court reviews the trial court's admission of evidence for an abuse of discretion. *See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Id.*

Erroneously admitted evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). In other words, claimed error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991), *superseded by statute on other grounds*, TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2016); *see also Estrada v. State*, 313 S.W.3d 274, 302 n. 29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection).

## II.    APPLICABLE LAW

The hearsay doctrine, codified in Texas Rules of Evidence 801 and 802, is designed to exclude out-of-court statements offered to prove the truth of the matter asserted that pose any of the four "hearsay dangers" of faulty perception, faulty memory, accidental miscommunication, or insincerity. TEX. R. EVID. 801, 802; *Fischer v, State*, 252 S.W.3d 375, 378 (Tex. Crim. App. 2008). However, Texas Rule of Evidence 803(4) provides an exception to hearsay for statements made for the purpose of medical diagnosis or treatment. TEX. R. EVID. 803(4). The exception is based on the rationale that a patient will generally provide accurate information when seeking medical diagnosis or treatment. *Bautista v. State*, 189 S.W.3d 365, 368 (Tex. App.—Fort Worth 2006, pet. ref'd).

## III.    APPLICATION OF THE LAW TO THE FACTS

At trial, the State called P.H., Officer Ferdinand, Officer Morganfield, C.H., and the director of Clinical Practice and Innovation at Dallas Children's Advocacy Center, to testify. Appellant did not testify and did not call any witnesses. The State called P.H. as its first witness.

P.H. testified that she is C.H.'s older sister and current guardian. She indicated she did not know appellant before July 2015. The following exchange ensued:

[STATE]: How did you find out that your sister was involved with [appellant]?

[P.H.]: I knew they were friends. I didn't know there was any romantical [sic] relationship. I found out that there was a romantical [sic] relationship when she called me one night saying that she thought she was pregnant, and we went to go buy her a pregnancy test. At that moment she didn't tell me who the father was. After we took the pregnancy test and it came back negative, that when she told me.

[DEFENSE COUNSEL]: Your Honor, I'm going to object to any hearsay or any question that elicit any hearsay answer.

THE COURT: Response from the State?

[STATE]: This falls under the medical diagnosis exception, Your Honor.

THE COURT: Overruled.

The State concedes on appeal that the medical diagnosis exception to hearsay does not apply to the complained of statement because C.H.'s need for medical assistance ended when the pregnancy test came back negative. The State suggests the statement might also qualify as an outcry statement, but notes there is nothing in the record showing the prosecutor gave proper notice of its intent to introduce the statement through P.H., as would normally be necessary to invoke that exception. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b) (West Supp. 2016) (requiring notice and hearing for an outcry statement to be admissible over a hearsay objection); *see also Bays v. State*, 396 S.W.3d 580, 591 (Tex. Crim. App. 2013) (citing *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990) ("[T]he hearsay exception for outcry is applicable only if the statute's stringent procedural requirements are met."). Moreover, the outcry statement exception to hearsay applies if the offense is committed against a child younger than fourteen years of age or a person with a disability. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 1. Here, the record shows C.H. was fifteen years of age at the time of the offense, and there is no

evidence C.H. is a person with a disability. Thus, the trial court abused its discretion in overruling appellant's objection to the statement, and it would have been error for the court to allow the testimony as an outcry statement.

We must now determine whether this error requires reversal. In a criminal case, the admission of hearsay evidence in violation of the rules of evidence is generally non-constitutional error that must be disregarded unless it affected substantial rights. TEX. R. EVID. 103 (providing that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely specific objection is made); TEX. R. APP. P. 44.2(b) (providing that any non-constitutional error that does not affect a criminal defendant's substantial rights must be disregarded). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Kirby v. State*, 208 S.W.3d 568, 574 (Tex. App.—Austin 2006, no pet.).

After the court overruled appellant's objection to P.H.'s testimony, C.H. testified without objection that she was fifteen years old and that she and appellant had sex at his apartment approximately ten times. Officers Ferdinand and Morganville testified without objection that C.H. told them she and appellant had engaged in sexual activity. Appellant acknowledges that his identity was not an issue, but claims because he was identified as the perpetrator of the offense by the first State's witness, the information was highly prejudicial and colored the entire nature of the case. We disagree. The undisputed evidence established the ages of appellant and C.H. Given C.H.'s age, and the age difference between appellant and C.H., C.H. could not legally consent to sex with appellant. TEX. CODE CRIM. PROC. ANN. art. 22.001(a)(2) (West 2009). In addition, evidence was introduced without objection that undisputedly established C.H. engaged in sexual activity with appellant. Appellant has failed to demonstrate that the

timing of the jury's receipt of evidence of C.H.'s age, or the fact of the sexual contact, could in any way have changed the outcome of his case.

Accordingly, we conclude any error in the admission of the complained of testimony was rendered harmless when substantially the same evidence was admitted elsewhere without objection. *See Coble*, 330 S.W.3d at 282. We resolve appellant's issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

160675F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

FRANCISCO ARIEL VASQUEZ,
Appellant

No. 05-16-00675-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1555979-U.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of May, 2017.