**AFFIRMED and Opinion Filed August 2, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00533-CR

**MAURICE LEMAR DOSS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1841666-W**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Appellant Maurice Lemar Doss appeals his conviction for aggravated sexual assault of a child by contact. In five issues, appellant urges the trial court erred by (1) excusing certain venirepersons for cause, (2) allowing the forensic interviewer to testify as the outcry witness, (3) admitting the complainant's patient history, (4) instructing the jury that it could consider evidence of extraneous offenses as character conformity evidence, and (5) admitting extraneous offense evidence obtained from a laptop computer. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child by contact or penetration. The offense was alleged to have occurred on September 2, 2018, against K.S., a seven-year old girl who appellant and his now ex-wife, M.C., were fostering. Appellant pleaded not guilty, and the case proceeded to a jury trial. The State abandoned the penetration allegation, and the jury found appellant guilty of aggravated sexual assault of a child by contact and assessed punishment at forty-five years' confinement. This appeal followed.

## DISCUSSION

### I. Jury Selection

In his first issue, appellant asserts the trial court erred by excusing several potential jurors for cause. More particularly, appellant claims the trial court improperly struck the venirepersons who indicated they would refuse to convict on the testimony of one witness.

### A. Standard of Review

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the venireperson's demeanor and responses. *See Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003). We reverse a trial court's ruling on a challenge for cause only upon a clear abuse of discretion. *Id.*

**B. Applicable Law**

The State may challenge for cause a venireperson that has a "bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment." TEX. CODE CRIM. PROC. ANN. art. 35.16(b)(3). The State can properly challenge venirepersons who state they could not convict based upon one witness whom they believed beyond a reasonable doubt and whose testimony proved every element of the indictment beyond a reasonable doubt. *Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006); *Tucker v. State*, No. 05-19-01515-CR, 2022 WL 1564554, at *8 (Tex. App.—Dallas May 18, 2022, no pet.) (mem. op., not designated for publication). Therefore, to the extent the trial court struck venirepersons for cause due to their positions on the one-witness rule, we conclude it did not abuse its discretion.

Assuming the trial court erred in striking venirepersons for cause, we would nevertheless conclude the error was harmless. The purpose of challenges for cause is to remove jurors who are not qualified. *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002) (plurality op.). There is no right to have a particular person on the jury. *Jones v. State*, 982 S.W.2d 386, 393–94 (Tex. Crim. App. 1998). Therefore, error in granting a challenge for cause requires reversal only if the defendant was deprived a lawfully constituted jury. *Id.* at 393. When there is no indication in the record that the jurors who actually served were not fit, a defendant is not harmed by error in granting a challenge for cause. *Ford*, 73 S.W.3d at 925. Because appellant's

–3–

complaint concerns only venirepersons that did not sit, he does not complain he was deprived a lawfully constituted jury and the record in this case does not show appellant was deprived of a lawfully constituted jury. Error, if any, is therefor harmless. We overrule appellant's first issue.

## II. Outcry Witness

In his second issue, appellant urges the trial court erred in concluding the forensic interviewer who interviewed K.S. at the Child Advocacy Center was the outcry witness, rather than M.C. Thus, claims appellant, the forensic interviewer's testimony concerning statements made by K.S. was inadmissible hearsay.

### A. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We will not reverse a trial court's ruling if it is within the zone of reasonable disagreement. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018).

### B. Applicable Law

Hearsay is not admissible except as provided by statute or the rules of evidence. TEX. R. EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 of the Texas Code of Criminal Procedure provides a hearsay exception for statements made by a child abuse victim and is commonly known as the "outcry exception." CRIM. PROC. art. 38.072.

Article 38.072, section 2(a), requires that for the complainant's hearsay statement to be admissible, such a statement must be made to the first person, 18 years of age or older, other than the defendant, to whom the complainant, in some discernible manner, described the alleged offense. *Id.* art. 38.072(2)(a); *see also Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The complainant's statement describing the alleged offense must be more than words that give a general allusion that something of the nature of child abuse was taking place. *Garcia*, 792 S.W.2d at 91. Moreover, the trial court is afforded broad discretion to determine whether the complainant's statement falls within the article 38.072 hearsay exception. *Id.* at 92. The exercise of that discretion will not be disturbed unless the record shows a clear abuse of discretion. *Id.*

**C. Application of Law to Facts**

The trial court held a hearing outside the presence of the jury to determine whether M.C. or the forensic interviewer was the outcry witness. At the hearing, M.C. testified that on the morning of September 2, 2018, she discovered appellant and K.S. in one of their home's bedrooms. Appellant had no clothes on, and K.S. was dressed only from the waist up. K.S. was lying on the floor on her back, and appellant was kneeling over her. Appellant told M.C. that K.S. "bust into the room" while he was getting dressed and complained about a burning sensation, so he was applying Neosporin to the area about which she complained. K.S. stated that this was not true. M.C. immediately removed K.S. from the room, took her to her sister's

home, and then to the hospital. The only detail K.S. relayed to M.C. was that appellant "put his bottom on her bottom." The forensic interviewer testified extensively to the specific details of abuse that K.S. relayed to him during the interview.

The record before us demonstrates that the forensic interviewer, and not M.C., was the first person over 18 years of age to whom K.S. gave numerous specific details of her sexual abuse. Under the interpretation given to article 38.072 in *Garcia*, we conclude that the forensic interviewer was the proper "outcry witness" to whom the statutory exception regarding a hearsay statement of a child applies. *See Hayden v. State*, 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (although the school counselor was the first person the complainant told about the sexual abuse, there is no evidence that the complainant described to her the details of the abuse); *see also Buentello v. State*, 512 S.W.3d 508, 517 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (forensic interviewer was proper outcry witness because the child used only general terms in telling her parents about the sexual assault). We overrule appellant's second issue.

### III. Patient History

In his third issue, appellant claims the trial court erred in allowing Kristen Reeder, M.D., a child abuse pediatrician at Children's Medical Center, to testify over his hearsay objection to the information M.C. provided to the examining nurse at Children's Medical Center about why she brought K.S. to the hospital. In response,

the State points out the complained of statement was previously admitted into evidence without objection through the admission of the hospital emergency room record for K.S.

**A. Standard of Review**

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez*, 327 S.W.3d at 736. If a trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Gonzalez*, 544 S.W.3d at 370.

**B. Applicable Law**

Hearsay is not admissible unless a statute, rule of evidence or other rules prescribed under statutory authority provide otherwise. EVID. 802. There are numerous exceptions to hearsay, including an exception for statements made for, as are reasonably pertinent to, medical diagnosis or treatment and describes medical history, or past or present symptoms or sensations, their inception and their general cause. EVID. 803(4). This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis or treatment. *Bautista v. State*, 189 S.W.3d 365, 368 (Tex. App.—Fort Worth 2006, pet. ref'd). The party offering evidence under rule 803(4) must show the out-of-court declarant was aware that the statements were made for the purpose of medical diagnosis or treatment, that proper diagnosis or treatment depends on the veracity of such statements, and that it was reasonable for

the therapist to rely on the particular information. *Taylor v. State*, 268 S.W.3d 571, 589, 591 (Tex. Crim. App. 2008).

### C. Application of Law to Facts

M.C. was the caretaker of K.S. She took K.S. to the hospital for the purpose of having a medical professional examine her for sexual abuse, to make a diagnosis, and to treat her. In connection therewith, she made a statement to the nurse regarding what she saw appellant doing to K.S.

Dr. Reeder testified that the sexual assault examination begins with obtaining information usually from the child's caregiver regarding the medical history of the child. The examiner also asks about family and social history to understand the environment that the child is living in and then asks questions about why they presented to the clinic to help guide the medical-decision making process for the child, including whether tests, medications, or treatments are needed. A physical exam then follows. Dr. Reeder then summarized the history that M.C. gave to the nurse, including the sexual conduct.

The State established through Dr. Reeder's testimony that M.C.'s statements to the nurse at Children's Hospital, as shown in the hospital record, were relevant to diagnosis or treatment of K.S. and thus were admissible under rule 803(4) of the rules of evidence. We overrule appellant's third issue.

## IV.   Jury Instruction

In his fourth issue, appellant asserts the trial court erred in instructing the jury that it could consider evidence of extraneous offenses as character conformity evidence.  He contends that because the State abandoned the penetration allegation at the close of evidence, the requirements of article 38.37 of the code of criminal procedure were not met.  The State asserts appellant's complaint on appeal does not comport with his objection at trial, and, thus, he has waived this complaint.

### A.   Preservation of Error

An issue on appeal must present the same legal theory as was presented to the trial court through a timely, specific objection.  *Sterling v. State*, 800 S.W.2d 513, 520–21 (Tex. Crim. App. 1990).  We may not reverse the trial court decision on a legal theory not presented to the trial court.  *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002).

Appellant's complaint on appeal does not comport with his objection in the trial court.  He did not argue that because the State abandoned the penetration allegation, the requirements of article 38.37 were not met.  Thus, appellant waived this complaint.  Even assuming appellant preserved his complaint for review, we conclude the trial court did not err in including the complained of instruction.

### B.   Standard of Review

We review claims of jury charge error under the two pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  First, we determine

if there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id.*

## C. Applicable Law

An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers. *Rankin v. State*, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996). Under rule 404, evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith, but it may be admissible for other purposes, such as proving motive, opportunity, intent, identity, absence of mistake or accident, or to rebut a defensive theory. EVID. 404(b).

Where the charged offense is a sexual offense against a child under chapter 21 and 22 of the penal code, such as contact *or* penetration, article 38.37 of the code of criminal procedure allows evidence of other crimes, wrongs, or acts committed by the defendant against a child. More particularly, article 38.37 provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by a defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child, and (2) the previous and subsequent relationship between the defendant and the child.

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described in Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, *including the*

–10–

*character of the defendant and acts performed in conformity with the character of the defendant.*

*Id.* §§ 1(b) and 2(b) (emphasis added).

### D. Application of Law to Facts

In this case, the charged offense is subject to article 38.37. K.S. testified that appellant committed sexual acts against her on occasions other than the one that led M.C. to intervene. K.S. described some of these acts to the forensic interviewer. This evidence was admissible to show that, with respect to the charged offense, appellant was not applying ointment to K.S. as he claimed, and that his state of mind, intent, and motive was to commit sexual assault. This evidence was also admissible under article 38.37 to show appellant performed acts in conformity with his character.

The trial court gave the following limiting instructions to the jury with respect to the extraneous offense evidence:

> You are instructed that you may not consider the defendant's commission of crimes, wrongs, or acts not alleged in the indictment, unless you first find and believe beyond a reasonable doubt that the defendant committed such crimes, wrongs, or acts. Even then, you may only use that evidence for the limited purpose for which it was admitted; as instructed below.

> You are instructed that if there is any evidence before you in this case regarding other crimes, wrongs, or acts committed by the defendant against K.S. you may consider such evidence for its bearing on relevant matters, including the state of mind of the defendant and K.S., and the previous or subsequent relationship between the defendant and K.S.

You are instructed that if there is any evidence before you in this case that the defendant committed the separate offense(s) of Aggravated Sexual Assault of a Child; you may consider such evidence for its bearing on relevant matters, including the character of the defendant, and acts performed in conformity with the character of the defendant.

You are instructed that if there is any evidence before you in this case regarding the defendant having committed other crimes, wrongs, or bad acts, you may consider such evidence only in determining the intent, knowledge, absence of mistake, or lack of accident of the defendant, and for no other purpose.

These instructions are in material compliance with rule 404(b) and article 38.37 and, thus, the trial court did not err in instructing the jury with respect to extraneous offenses. *See Price v. State*, No. 05-18-002433-CR, 2019 WL 2223600, at *5 n.4 (Tex. App.—Dallas May 23, 2019, pet. ref'd) (not designated for publication). We overrule appellant's fourth issue.

## V.     Extraneous Evidence

In his fifth issue, appellant urges the trial court erred by admitting extraneous offense evidence during the punishment phase of trial, specifically images of child pornography that were seized from a computer appellant and M.C. had access to. Appellant contends there was no evidence identifying appellant as the one who possessed the images.

### A.     Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez*, 327 S.W.3d at 736. If a trial court's ruling is within the

zone of reasonable disagreement, there is no abuse of discretion. *Gonzalez*, 544 S.W.3d at 370.

## B.     Applicable Law

During the punishment phase of trial, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including, but not limited to, the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant. CRIM. PROC. art. 37.07; *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). Thus, extraneous offense evidence is admissible at the punishment phase.

## C.   Application of Law to Facts

The trial court held a hearing during the guilt–innocence phase of trial at which M.C. and Detective Quigley testified. M.C. established she owned a Toshiba laptop computer before she married appellant. After she married appellant in January 2016, appellant created a separate password protected account on the computer.

Detective Chris Quigley conducted a forensic examination of the computer on December 9, 2019. The computer extraction report indicated that there were two users on the account, appellant and M.C. The last login for M.C. was December 24, 2015, at 7:10 p.m. The last login for appellant was March 4, 2016, at 3:12 p.m.

–13–

Appellant did not logout of the computer, and no one else logged into the computer after appellant. The search history showed a search for "sleep incest" on March 19, 2016, at 2:53 p.m., and a search for "real father/daughter sex" on March 19, 2016, at 2:58 p.m. Images were also accessed on that day of what appear to be children, mostly young girls, of unknown ages. The images were in unallocated space, meaning Detective Quigley was not able to determine who actually accessed those images, but appellant was the only user that was logged into the account on March 19, 2016.

The State sought to admit the evidence retrieved from the computer under rules of evidence 404(b) and 403. The court ruled that this evidence was inadmissible at the guilt–innocence phase of trial, but admissible at the punishment phase.

The evidence extracted from the computer was relevant to the issue of punishment. Strong circumstantial evidence connected appellant to the images and searches. Thus, the trial court did not abuse its discretion in admitting the computer evidence. With respect to Detective Quigley's testimony, it was for the jury to determine whether the State proved beyond a reasonable doubt that appellant committed the bad act(s), and it was for the jury to determine the weight to give that evidence. *Hammock v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021). We overrule appellant's fifth issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

210533F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAURICE LEMAR DOSS,
Appellant

No. 05-21-00533-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1841666-W.
Opinion delivered by Justice Schenck. Justices Osborne and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August, 2022.