

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00038-CR
_____

JOE CECIL TINER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1855598

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

A jury convicted Appellant Joe Cecil Tiner of two counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. *See* Tex. Penal Code §§ 22.021(a)(2)(B), (e), 21.11(a)(1), (d). The jury assessed punishment at confinement for life for each aggravated-sexual-assault conviction and 20 years' confinement for each indecency-with-a-child conviction; the trial court pronounced the punishment, ordering that the sentences run consecutively. *See id.* §§ 12.32, 12.33, 3.03(b)(2)(A), (b)(2–a)(A). On appeal, Tiner complains that the trial court abused its discretion by excluding testimony under Texas Rule of Evidence 412.[1] We will affirm.

## I. Texas Rule of Evidence 412

In his sole issue on appeal, Tiner argues that the trial court abused its discretion by excluding extraneous-offense-witness testimony from J.L. and A.W.[2] about prior sexual abuse they suffered at the hands of someone other than Tiner.[3] In particular, he

---

[1]The Texas Supreme Court repealed former Rule 412 and replaced it with a new rule; the final amended version took effect on January 1, 2026. *See* Sup. Ct. of Tex., Final Approval of Amendments to Texas Rule of Evidence 412, Misc. Docket No. 25-9102 (Dec. 19, 2025). But "[a]s stated in Misc. Dkt. No. 25-9064, for criminal proceedings commencing before September 1, 2025, the rule in effect on the date the proceeding commences governs." *Id.* Thus, the new rule and amendments are inapplicable here. All citations to Rule 412 are to the prior version, which continues to govern those cases commencing before September 1, 2025.

[2]Because both extraneous-offense witnesses were minors at the time of the alleged offenses, we refer to them using initials. *See* Tex. R. App. P. 9.10(a)(3).

[3]Both J.L. and A.W. testified during their respective Rule 412 hearings that they had been sexually abused by someone other than Tiner around the time that each was

asserts that (1) Rule 412 does not apply to nonconsensual sexual activity and (2) even if Rule 412 does apply, the evidence was more probative than prejudicial and should have been admitted.

## A. Standard of Review

We review a trial court's ruling to admit or exclude evidence for an abuse of discretion and will not reverse the ruling of the trial court absent a clear abuse of discretion. *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024); *Bautista v. State*, 189 S.W.3d 365, 368 (Tex. App.—Fort Worth 2006, pet. ref'd). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

## B. Applicable Law

Rule 412, known as the "rape shield" law, is designed to limit abusive, embarrassing, and irrelevant inquiries into a complainant's private life. *Alvarez v. State*, No. 02-23-00108-CR, 2024 WL 2066361, at * 6 (Tex. App.—Fort Worth May 9, 2024, pet. ref'd) (mem. op., not designated for publication) (first citing *Hammer v. State*, 296 S.W.3d 555, 566 (Tex. Crim. App. 2009), then citing *Dees v. State*,

---

also sexually abused by Tiner. We do not expand on this testimony, as it is under seal. *See* Tex. R. Evid. 412(d).

3

Nos. 02-12-00488-CR, 02-12-00489-CR, 2013 WL 6869865, at *6 (Tex. App.—Fort Worth Dec. 27, 2013, pet. ref'd) (per curiam) (mem. op., not designated for publication)). Generally, evidence of a "specific instance[] of a victim's past sexual behavior" is not admissible. Tex. R. Evid. 412(a)(2). But Rule 412(b) provides that a defendant may offer evidence of a specific instance of an alleged victim's past sexual behavior if the trial court determines that the evidence's probative value outweighs the danger of unfair prejudice to the alleged victim and that the evidence:

> (A) is necessary to rebut or explain scientific or medical evidence offered by the prosecutor;
>
> (B) concerns past sexual behavior with the defendant and is offered by the defendant to prove consent;
>
> (C) relates to the victim's motive or bias;
>
> (D) is admissible under Rule 609; or
>
> (E) is constitutionally required to be admitted.

Tex. R. Evid. 412(b)(2), (3).

The Rule 412 balancing test generally favors excluding the evidence. *Alvarez*, 2024 WL 2066361, at *7 (citing *Zamora v. State*, No. 08-99-00284-CR, 2000 WL 1757960, at *9 (Tex. App.—El Paso Nov. 30, 2000, pet. ref'd) (not designated for publication)). The burden is on the proponent of the evidence—in this case, the defendant—to show that its probative value outweighs the danger of unfair prejudice. *Id.*

The erroneous exclusion of evidence is subject to a nonconstitutional-harm analysis under Texas Rule of Appellate Procedure Rule 44.2(b). *See Good v. State*,

4

No. 02-24-00239-CR, 2026 WL 547519, at *5 n.13 (Tex. App.—Fort Worth Feb. 26, 2026, pet. ref'd) (mem. op., not designated for publication) (citing *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)). This analysis will disregard any error "that does not affect substantial rights." Tex. R. App. P. 44.2(b). If the error has no influence or only a slight effect on the verdict, then it is harmless. *Nguyen v. State*, 693 S.W.3d 732, 740 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). To determine the effect on the verdict, we consider (1) the character of the alleged error and its connection with other evidence, (2) the nature of the evidence supporting the verdict, (3) the existence and weight of additional evidence supporting the verdict, and (4) whether the State emphasized the error. *Macedo v. State*, 629 S.W.3d 237, 240 (Tex. Crim. App. 2021) (citing *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018)).

## C. Analysis

Tiner's argument on appeal differs slightly from that presented to the trial court. During the Rule 412 hearings, Tiner argued that J.L.'s and A.W.'s testimony was admissible under one of the enumerated exceptions to Rule 412: to show motive or bias. *See* Tex. R. Evid. 412(b)(2)(C). He also argued that the evidence would be more probative than prejudicial. *See* Tex. R. Evid. 412(b)(3). On appeal, Tiner has abandoned his argument related to motive or bias and asserts that Rule 412 does not apply to the excluded testimony because it does not contain prior *consensual* sexual behavior, or, if Rule 412 does apply, the evidence is more probative than prejudicial.

5

Tiner argues that Rule 412 does not apply to nonconsensual sexual history. Tiner raised this argument only for J.L.'s testimony at trial; thus, as it relates to A.W.'s excluded testimony, he has forfeited that part of his argument for our review. *See Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam) (citing *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("[W]hen the objection made in the trial court does not comport with the argument made on appeal, the appellant fails to preserve the argument for our review.")).

Further, we need not decide the applicability of Rule 412 to either witness's prior nonconsensual sexual behavior or history because we must affirm the trial court's evidentiary ruling if any theory of law supports it. *See Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). Rule 401 requires that evidence be relevant to be admissible. *See* Tex. R. Evid. 401. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.* Thus, to be relevant, evidence must be material and probative. *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). "If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." *Id.* Irrelevant evidence is not admissible. Tex. R. Evid. 402.

Here, Tiner did not articulate how the evidence of J.L.'s and A.W.'s prior sexual assaults at the hands of others would have made it more or less probable that he did or did not sexually assault them—or more to the matter of his convictions—that he did

6

not sexually assault the victim in this case. He merely stated that the evidence was necessary to form his defense that possibly both J.L. and A.W. had confused him with someone else who assaulted them.[4] But both witnesses stated that their memories were clear and that they were not confused regarding Tiner's prior sexual assaults of them.[5] Further, evidence about any prior sexual assaults would not have made it more or less probable that J.L.'s or A.W.'s testimony regarding *Tiner's* sexual assaults on them was either true or false. *See Griffin v. State*, No. 02-19-00020-CR, 2021 WL 126650, at *4 (Tex.

---

[4]Tiner cites *Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2022), to support that he had a right to identify alternative perpetrators in the offenses he allegedly committed against J.L. and A.W. Although the *Wiley* court stated that "a defendant obviously has a right to attempt to establish his innocence by showing that someone else committed the crime," the court also held that the defendant "must still show that his proffered evidence regarding the alleged alternative perpetrator is sufficient . . . to show a nexus between the crime charged and the alleged 'alternative perpetrator.'" *Id.* Both J.L. and A.W. were asked during their respective Rule 412 hearings if there was any confusion about who had committed the sexual offenses against them, and both responded in the negative. Tiner presented no other evidence that either J.L. or A.W. was confused about the type of abuse suffered or by whom; thus, he also failed to present a proper nexus between the crime and any alleged alternative perpetrator. *See id.* And, aside from arguing that the jury needed to "hear that there are potentially other perpetrators that could have performed this [sexual abuse]," Tiner provides no substantive argument about how the probative value of the evidence of other sexual offenses committed against J.L. and A.W. outweighed the danger of unfair prejudice. We have held that a failure to illustrate *why* nonmaterial evidence's probative value outweighs the danger of unfair prejudice results in a defendant's failure to carry his burden under Rule 412(b)(3). *See e.g.*, *Alvarez*, 2024 WL 2066361, at *9 (collecting cases). Because Tiner has failed to meet his burden, the trial court did not abuse its discretion by excluding the evidence that Tiner sought to introduce.

[5]J.L.'s testimony was that her memory was clear and that she had no fear of confusing the facts. A.W.'s testimony was similarly explicit—when asked if there was any confusion in her mind related to Tiner's sexual abuse, she answered, "Not at all."

App.—Fort Worth Jan. 14, 2021, pet. ref'd) (mem. op., not designated for publication). It likewise would have had no effect on the potential truth or falsehood of the victim's testimony in this case. *Id.* Accordingly, because it was not relevant, the trial court did not abuse its discretion by excluding the evidence of the additional prior sexual assaults committed against J.L. and A.W. *See id.*

And even if we assume that the trial court erred by excluding this testimony, the record does not demonstrate that the exclusion harmed Tiner. *See* Tex. R. App. P. 44.2(b), 47.1. Here, the excluded evidence would have merely reflected that both J.L. and A.W. had suffered multiple instances of sexual abuse when they were children. Given that both J.L. and A.W. unequivocally stated they had no trouble remembering the details of Tiner's alleged sexual offenses against them, it is unlikely that this testimony would have meaningfully supported Tiner's alternative-perpetrator theory. *See Nguyen*, 693 S.W.3d at 740. Moreover, Tiner provided no evidence to support his theory that J.L. and A.W. were confused about whether he had sexually abused either of them.

Additionally, J.L. and A.W. were extraneous-offense witnesses. The victim listed in the charged offenses also testified about the multiple instances of sexual abuse Tiner inflicted on her.[6] Thus, even if J.L. and A.W. had been confused about whether or not

---

[6]We note that Tiner does not challenge evidentiary sufficiency and that the victim's extensive testimony about Tiner's multiple instances of sexual abuse undoubtedly influenced the jury's verdict. *See Macedo*, 629 S.W.3d at 240. The victim testified that Tiner had been abusing her for four years when, at age seven, he had told

8

Tiner had sexually abused them, and even if Tiner had been able to persuade the jury that he did not sexually abuse either of them, it is unlikely that this would have either prejudiced the jury's view of the victim's testimony or influenced the jury's verdict. Consequently, even if we presume trial-court error, we conclude that excluding evidence of any alleged prior sexual abuse did not have a substantial or injurious effect on the jury's verdict and did not affect Tiner's substantial rights. *See* Tex. R. App. P. 44.2(b); *see also Lang*, 2024 WL 273591, at *9.

We overrule Tiner's sole issue.

## II. Conclusion

Having overruled Tiner's sole issue, we affirm the trial court's judgments.[7]

---

her to "bounce up and down" on him because "it would feel good and that [she] would like it and it would help him." She also testified that Tiner had told her that he had married her mom because he "just wanted to be with [the victim]." In addition, the victim detailed the various places and ways that Tiner abused her: while she was in bed; while out riding bikes; and while sitting in his lap, often pinning her feet behind him and pressing so hard she could feel his clothing and penis go into her vagina. The victim stated that Tiner had threatened to abuse her sister if the victim refused, she had often attempted to hide from him, and she had even blacked out more than once because of his abuse.

[7]Any pending motions for relief in this court are denied.

9

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026